Edward E. OPPENHEIM

v.

Alan K. CAMPBELL, Chairman, Civil Service Commission, et al.,
Appellants.

No. 76–1869.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 14, 1977.

Decided Jan. 9, 1978.

John W. Polk, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and A. Patricia Frohman, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellants.

Morton Hollander, Robert E. Kopp, John K. Villa, Attys., Dept. of Justice, Washington, D. C., also entered appearances for appellant.

Edward E. Oppenheim, pro se.

Before BAZELON, Chief Judge, and WRIGHT and ROBB, Circuit Judges.

BAZELON, Chief Judge:

Appellee, Edward Oppenheim, was drafted into the military in August of 1942, and was thereby forced to leave a permanent position in the federal civil service at the Board of Investigation and Research (BIR). In 1944 the BIR was abolished. Appellee was honorably discharged on April 4, 1946, and immediately applied for a civil service position. The Civil Service Commission (CSC), however, had interpreted § 8(b)(A) of the Selective Training and Service Act of 1940 (the Act),[1] 54 Stat. 885, to mean that

1. Section 8 of the Act provided in pertinent part:

   (a) Any person inducted into the land or naval forces under this Act for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service under section 3(b) shall be entitled to a certificate to that effect upon the completion of such period of training and service, which shall include a record of any special proficiency or merit attained. In addition, each such person

who is inducted into the land or naval forces under this Act for training and service shall be given a physical examination at the beginning of such training and service and a medical statement showing any physical defects noted upon such examination; and upon the completion of his period of training and service under section 3(b), each such person shall be given another physical examination and shall be given a medical statement showing any injuries, illnesses or disabilities suf-

the federal government was under no obligation to rehire returning veterans whose agency, together with its functions, had been abolished. CSC Departmental Circular No. 532 (July 31, 1945), Joint Appendix (J.A.) at 27. The CSC consequently failed to rehire Oppenheim until December 22, 1947. In the interim, appellee worked at the United Nations Relief and Rehabilitation Administration (UNRRA).

Upon his retirement from the civil service in 1974, appellee sought to receive civil service retirement credit for his work at UNRRA. The Commission's Bureau of Retirement, Insurance and Occupational Health denied his request, and this denial was upheld by the Commission's Appeals Review Board. Appellee brought suit in district court, which held that Departmental Circular No. 532 was an incorrect interpretation of the Act, and that appellee had a right under the Act to have been restored to a permanent civil service position in 1946. 79 Lab.Cas. ¶ 11,742 (D.D.C.1976). The court concluded that appellee could be made whole if he were now granted retirement credit for his work at UNRRA.

The CSC appeals, challenging the district court's interpretation of the Act and raising in this court for the first time the claim that appellee's suit is barred by 28 U.S.C. § 2401(a), which states that "[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

■■■■ Although appellee presents a sympathetic case, and although we frown upon

the government's apparent decision not to argue 28 U.S.C. § 2401(a) to the district court, we are constrained to find that the statute of limitations does operate to bar appellee's recovery on the theory of the case used by the district court. Under the theory of the district court, appellee's suit is a civil action against the United States; the fact that it is equitable in nature does not exempt it from the statute of limitations. *Saffron v. United States*, 183 U.S.App.D.C. 45, 561 F.2d 938 (1977). Appellee's action "accrued" when his right to resort to federal court was perfected. *Crown Coat Front Co., Inc. v. United States*, 386 U.S. 503, 510–11, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967). Oppenheim could have resorted to federal court when he was first harmed in 1946. Although his salary at UNRRA was higher than that he had received at BIR and he therefore might not have been able to obtain damages, equitable or declaratory relief would have been available. Oppenheim's present action for retirement credit *based upon his failure to be hired in 1946* is legally inseparable from the action he could have begun in 1946 for failure to be rehired. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Finally, there is no basis for tolling the statute of limitations, as Oppenheim has not demonstrated that "in the exercise of reasonable diligence [he] could not learn, that he had been injured by the government's allegedly wrongful conduct." *United States v. Sams*, 521 F.2d 421, 429 (3d Cir. 1975). Nor has Oppenheim demonstrated that his injury was effectively "concealed"

fered by him during such period of training and service.

(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within forty days after he is relieved from such training and service—

(A) if such position was in the employ of the United States Government, its Territories or possessions, or the District of Columbia, such person shall be restored to such posi-

tion or to a position of like seniority, status, and pay;

(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

(C) if such position was in the employ of any State or political subdivision thereof, it is hereby declared to be the sense of the Congress that such person should be restored to such position or to a position of like seniority, status, and pay.

by the United States. *Japanese War Notes Claimants Ass'n v. United States*, 373 F.2d 356, 359, 178 Ct.Cl. 630, *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). Although appellee's UNRRA employment was listed on his official civil service retirement record, there are indications in the record that appellee knew as early as 1947 that he had received no retirement credit for his employment at UNRRA. When appellee in 1947 applied for a refund of his civil service retirement deductions, he did not list his work at UNRRA. J.A. at 44. And when appellee wanted to put money back into the civil service retirement system in 1949, he again did not mention his employment at UNRRA. J.A. at 47.

We note, however, that appellee also sought relief in the district court based upon § 10 of the Administrative Procedure Act, 5 U.S.C. § 702. Section 702 authorizes judicial review of agency action at the behest of a person "adversely affected or aggrieved." It contains the proviso that:

> Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Section 702 thus does not authorize us to set right the putative wrong appellee suffered in 1946. It does empower us, however, to set aside actions of the Commission's Appeals Review Board found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Appellee sought timely review of the Board's final decision on December 12, 1975, approximately three months after its issuance.

In reviewing the actions of the Board, we reaffirm the longstanding proposition that the term " 'civil action' as used in § 2401(a) is a term of art judicially and statutorily defined as one 'commenced by filing a complaint with [a] court,' not an executive board." *N.V. Philips' Gloeilam-penfabrieken v. AEC*, 114 U.S.App.D.C. 400, 405, 316 F.2d 401, 406 (1963). *See Crown Coat Front Co., Inc. v. United States*, 386 U.S. 503, 510–11, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967). Section 2401(a) thus presented no bar to Oppenheim pressing before the Commission his claim that he should have been rehired by the federal government in 1946. In rejecting his claim, the Appeals Review Board relied on the Commission's Departmental Circular No. 532 in concluding that the Selective Training and Service Act of 1940 placed the CSC under no obligation to rehire Oppenheim. For the reasons given by the district court, however, we affirm its holding that the Circular misinterprets the Act. Therefore, the Appeals Review Board's decision must be vacated because it is based on an incorrect interpretation of law.

In vacating the Board's decision we are not breaching the limitations of § 2401(a). Appellee's cause of action under the APA is entirely distinct from the cause of action we have found to be barred by the statute of limitations. Appellee could have brought the first without reference to the second. The two also seek different relief: the first seeks to set aside recent arbitrary agency action, the latter seeks to recover compensation from the United States for wrongs suffered long ago.

The decision of the district court is reversed due to the bar of the statute of limitations, and the case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

ROBB, Circuit Judge, concurring:

I concur in the part of the majority's opinion that reverses the District Court's grant of summary judgment. As the majority demonstrates forcefully, recovery by Oppenheim on the theory used by the District Court is barred by the statute of limitations, 28 U.S.C. § 2401(a). The decision on this point is dispositive; accordingly I decline to express an opinion on the trial court's construction of the 1940 Act, or on what alternate causes of action Oppenheim might have.