"This pro se military pay case is before the court on defendant’s motion to dismiss and plaintiffs opposition thereto. Because we agree with the defendant that plaintiffs claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501 (1970), we grant defendant’s motion.
"Plaintiff seeks review of actions taken against him by the Navy at a Captain’s Mast and a General Court Martial (GCM) and of a decision by the Veteran’s Administration which denied him benefits as a result of the Navy’s actions.
"He alleges that the Captain’s Mast occurred on January 11, 1944, and that the GCM took place on July 20, 1944. As a result of the GCM, plaintiff was sentenced to serve four years in Portsmouth, New Hampshire, Naval Prison (during which time he lost portions of three fingers) and was dishonorably discharged from the Navy. The dishonorable discharge precluded the plaintiff from receiving veteran’s benefits for a service-connected injury. 38 U.S.C. § 101(2) (1970); 38 C.F.R. § 312(a), (b), (c)(2) (1976).
"Defendant counters these allegations with the assertion that plaintiffs claim accrued at the time of his discharge, March 14, 1947, (after his release from prison) and that he did not file this action until more than 30 years later. The Government argues that our consideration of plaintiffs claim is barred by this court’s six-year statute of limitations. We agree.
"It is well settled in this court that plaintiffs claim accrued on the date of his discharge. See Mathis v. United States, 183 Ct.Cl. 145, 391 F.2d 938 (1968); see also Kirby v. United States, 201 Ct.Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974). Although this rule may not be as hard and fast in the case of disability claims, see, e.g., Friedman v. United States, 159 Ct.Cl. 1, 310 F.2d 381 (1962), cert. denied, 373 U.S. 932 (1963), plaintiffs entitlement to disability benefits is limited here, not by the nature of his disability, but by the nature of his discharge. Therefore, plaintiffs entire claim must fail, since his request for review of his discharge is barred by the statute of limitations.
"Even though we read all of the parties’ submissions in the light most favorable to the plaintiff for purposes of this *443 motion to dismiss, we nevertheless agree with the defendant that plaintiffs petition fails to state a claim within the jurisdiction of this court.
"it is hereby ordered, upon consideration of the submissions of the parties, without oral argument, that defendant’s motion to dismiss is granted and plaintiffs petition is dismissed.”
Plaintiffs motions for rehearing en banc and for rehearing were denied April 27, 1978.