**William Robert CALHOUN, Appellant,**

v.

**John LEHMAN, Secretary of the Navy, et al.**

**No. 82–2381.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 23, 1983.
Decided Dec. 30, 1983.

---

F. Whitten Peters, Washington, D.C., with whom David F. Addlestone, Washington, D.C., was on the brief, for appellant.

John D. Bates, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C. (at the time the brief was filed), Royce C. Lamberth, R. Craig Lawrence and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before TAMM and WILKEY, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge MacKINNON.

MacKINNON, Senior Circuit Judge:

William Robert Calhoun was discharged from the Navy by general court martial in 1944, and imprisoned for four years on a theft charge. Since his release, Calhoun has complained, in a number and variety of fora, that he was denied effective counsel and that he received inadequate notice of the charges against him, in violation of the Constitution and of Naval law and regulations.

Calhoun's most recent attempt to obtain redress was his suit in the District Court, filed on June 1, 1978. The instant appeal is from the District Court's dismissal of that suit. The disposition of this case is controlled by our decision in the companion case, *Walters v. Secretary of Defense,* 725 F.2d 107 (D.C.1983). We decide in that case that the six-year statute of limitations found at 28 U.S.C. § 2401(a) (1976 & Supp. V 1981), does not allow for an implicit exception for equitable actions brought to correct less-than-honorable discharges in federal district courts. When applied to Calhoun's case, the statutory limitation period clearly bars the suit in the District Court.

I.

Calhoun enlisted in the Navy in 1941, served as a turret gunner and bombardier, and saw action both in North Africa and in the Pacific theatre. In January, 1944, he was charged with being absent over leave ("AOL") and reduced one rating by a Captain's Mast. In July, 1944, while in Florida for treatment for malaria, Calhoun was arrested. On July 20, 1944, a court martial found him guilty of theft, and sentenced him to four years in prison and a dishonorable discharge. Calhoun claims that he was first given a copy of the charges against him that same day, sometime between 8 a.m. and 10:18 a.m., when his trial began.

Calhoun twice petitioned through administrative channels for an upgrade of his discharge status, once in 1949–50 and again in 1966, and was twice denied by the Board of Correction of Naval Records. His 1977 petition to the Court of Military Appeals was dismissed for lack of jurisdiction on October 31, 1978. Also in 1978, Calhoun petitioned the Court of Claims for money damages and for equitable relief consisting of an upgrade to an honorable discharge. Appellant claimed that his reduction in rating violated the Articles for the Government of the Navy and implementing regulations; that he was denied counsel at his court martial, contrary to the Constitution and Naval regulations; and that he had not

been presented with the charges against him until the day of his court martial trial. On March 17, 1978, the Court of Claims granted defendants' motion to dismiss, holding that because Calhoun's claims had accrued not later than 1947, his petition was barred by the six-year statute of limitations of 28 U.S.C. § 2501 (1976). *Calhoun v. United States,* 578 F.2d 1389, 216 Ct.Cl. 441 (Ct.Cl.1978).

Calhoun then filed this action in District Court on June 1, 1978, seeking only equitable relief as authorized by 28 U.S.C. §§ 1361 (1976) and 1651 (1976). The District Court (Hart, J.) dismissed the case that same day as barred by laches; on August 18, 1981, this Court vacated that judgment below and remanded for reconsideration in light of *Baxter v. Claytor,* 652 F.2d 181 (D.C.1981). Upon remand, the District Court (Gesell, J.) initially ruled on January 27, 1982, that the action was not barred by the six-year statute of limitations of 28 U.S.C. § 2401(a), and that laches barred the challenge to the reduction in rating; the Court reserved the question whether laches also barred the challenge to the court martial conviction. *Calhoun v. Lehman,* Civ.A. No. 78–00988, slip op. (D.D.C. Jan. 27, 1982) (interim order on remand). Discovery followed and each side moved for summary judgment.

In September, 1982, defendants filed a supplemental motion for summary judgment, after having learned of the prior dismissal of Calhoun's Court of Claims suit. The Government claimed the instant suit was barred on res judicata grounds. On October 29, 1982, the District Court held that this suit presented no theories not before the Court of Claims, that the earlier dismissal was "on the merits," and that res judicata barred this case. *Calhoun v. Lehman,* 566 F.Supp. 67 (D.D.C.1982).

## II.

Calhoun's appeal before this Court has focused on whether the District Court's dis-

missal of the case was correctly based on the res judicata effect of the prior dismissal of Calhoun's suit in the Court of Claims. It has always been apparent, however, that the ultimate disposition of Calhoun's suit might depend on our decision in *Walters v. Secretary of Defense,* 725 F.2d 107, which presents the question whether the six-year statute of limitations at 28 U.S.C. § 2401(a) applies to equitable suits brought to correct less-than-honorable discharges.[1]

■ Our decision today in *Walters* that section 2401(a) does extend to such suits is, in fact, dispositive of this case. Calhoun was released in 1947 after serving his court martial sentence, and his most recent adverse administrative decision was in 1966. Thus by any reckoning, Calhoun's District Court suit in 1978 was outside the allowable six-year period: his release from imprisonment pursuant to the court martial was over thirty years before, and his last administrative application was acted upon approximately twelve years before his District Court suit.

We express no opinion regarding the District Court's dismissal of the case on grounds of res judicata, nor on the merits of the appellant's claims.

## III.

For the reasons stated, we dismiss this appeal and remand to the District Court for further proceedings not inconsistent with our decisions in this case and its companion, *Walters v. Secretary of Defense.*

*Judgment Accordingly.*

---

1. Appellant has acknowledged the potentially controlling relevance of the *Walters* case. *See*   Appellant's Brief at 1.