**Richard N. WHITE, Plaintiff,**

v.

**SECRETARY OF the ARMY, Defendant.**

**Civ. A. No. 83–1554.**

United States District Court, District of Columbia.

April 10, 1984.

Charlotte S. Holden, Neighborhood Legal Services, Washington, D.C., for plaintiff.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., for defendant.

### MEMORANDUM AND ORDER

CORCORAN, District Judge.

The defendant, the Secretary of the Army, has moved to dismiss the action of the plaintiff, Richard N. White, contending that it is barred by the statute of limita-

tions set forth at 28 U.S.C. § 2401(a) (1976 & Supp. V 1981). Plaintiff opposes the motion. Because both parties have repeatedly made reference in their briefs to matters outside the pleadings, we treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b); *June v. Secretary of the Navy,* 557 F.Supp. 144, 146 n. 1 (M.D. Pa.1982). For the reasons given below, we grant defendant's motion.

## I. BACKGROUND

Plaintiff enlisted in the Army on March 20, 1972, for a two year tour of duty. During his military service plaintiff was punished pursuant to the Uniform Code of Military Justice for repeatedly being absent without leave (AWOL). One such charge was referred to special court-martial. As a result of allegedly erroneous legal advice given to him by counsel appointed by the Army, plaintiff decided to request an administrative discharge in lieu of trial by court-martial. Consequently, plaintiff was discharged on July 20, 1973 under less than honorable conditions.

On September 25, 1974, plaintiff applied to the Army Discharge Review Board (ADRB) for an upgrade of his discharge. After considering plaintiff's military records and other evidence before it, the ADRB determined on February 5, 1975, that plaintiff had been properly discharged. Subsequently, on February 11, 1975, plaintiff applied to the Army Board for Correction of Military Records (ABCMR) for similar relief. Plaintiff's application for correction of his military records was denied by the ABCMR on July 18, 1975.

Two years later Congress enacted a statute, Act of October 8, 1977, Pub.L. No. 95–126, 91 Stat. 1106, which required the boards of review of the various services to review applications for a change in discharge status under published uniform standards and procedures. It also provided

veterans who had been discharged under conditions other than honorable with an opportunity to have their discharges reconsidered under the published guidelines. *See,* 38 U.S.C. § 3103(e)(1) (Supp. V 1981).

On July 26, 1979, after the uniform standards had been published, plaintiff applied to the ADRB for reconsideration of his discharge. A hearing was scheduled for July 1980. However, since plaintiff had changed his residence in August 1979, notice of the hearing never reached him. Consequently, on July 25, 1980, the ADRB, on the basis of plaintiff's military records alone, denied his request for an upgrade of his discharge.

Because he had not received notice of the July 1980 hearing, plaintiff filed on October 1, 1980, a third application with the ADRB for a review of his discharge. On May 17, 1982, a hearing was held by the ADRB at which time testimony was heard. On June 3, 1982, on the concurrence of three of the five members of the ADRB, plaintiff's application for an upgrade in discharge was again denied. While all five members of the ADRB agreed that the plaintiff had not been properly counseled by his Army-appointed attorney, three of the members determined that the erroneous advice had not been prejudicial to the plaintiff.[1]

Plaintiff filed his complaint in this Court on June 1, 1983.

## II. ANALYSIS

The complaint includes three claims. However, it alleges only two different and distinct causes of action. The first two claims are essentially the same in that they attack as a violation of Army Regulations and the U.S. Constitution the procedures used by defendant in the 1973 administrative proceeding which led to his discharge under conditions other than honorable. The third claim, the second cause of action,

---

**1.** The Court alerted counsel for both parties of the existence of an application by plaintiff to the ABCMR in July 1978 for correction of plaintiff's military records. See pages 78–80 of the administrative record filed by defendant. Subsequent investigation has revealed that this application involved a matter not relevant to the issues raised in this lawsuit. Accordingly, the Court will disregard it.

seeks judicial review under the Administrative Procedure Act, 5 U.S.C. § 706(2) (1982), of the decisions of the ADRB and ABCMR denying plaintiff's application for an upgrade in his discharge. In addition to declaratory relief, plaintiff seeks an injunction requiring defendant to recharacterize his discharge to honorable.

Defendant asserts that all of plaintiff's claims should be dismissed because they were not brought within the time limit prescribed by 28 U.S.C. § 2401(a) (1976 & Supp. V 1981), which, in pertinent part, provides:

> [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues.

In opposition plaintiff argues that section 2401(a) has no application to any of the claims raised in his complaint. Alternatively, he contends that his action was brought well within the time limit established by section 2401(a).

Because, as noted above, plaintiff's complaint sets forth two different causes of action, the impact of section 2401(a) on each of them must be assessed separately. In doing so, we are concerned with three basic issues: (1) whether the six-year statute of limitations of section 2401(a) is applicable, (2) if so, when the limitations period began to run, and (3) whether plaintiff's cause of action was filed within the limitations period.

A. *Plaintiff's 1973 Administrative Discharge*

■ The first cause of action (Counts 1 & 2) centers on alleged improprieties in the 1973 administrative proceeding which resulted in plaintiff's discharge from the Army under conditions other than honorable. Specifically, plaintiff alleges that he received ineffective assistance from his Army-appointed counsel in that he was erroneously advised that the special court-martial convened in his case had the authority to issue him a bad conduct or dishonorable discharge. As a result of his counseling, plaintiff alleges that his request for an administrative discharge in lieu of court-martial was coerced and that command approval of his request and the subsequent issuance by the defendant of a discharge under conditions other than honorable were improper.

In opposing defendant's motion to dismiss this cause of action, plaintiff argues, *inter alia,* that section 2401(a) does not apply to equitable actions brought against officials of the United States primarily seeking corrective relief to remove the stigma of an unfavorable discharge. Plaintiff contends that federal courts have routinely reviewed the merits of corrective actions which would have been dismissed upon strict application of section 2401(a).

The issue of whether section 2401(a) is applicable to an equitable claim seeking to correct or upgrade the discharge of a servicemember under conditions less than honorable was laid to rest by the recent decision of the Court of Appeals for the District of Columbia Circuit in *Walters v. Secretary of Defense,* 725 F.2d 107 (D.C.Cir. 1983). In *Walters,* the plaintiff brought suit for declaratory and injunctive relief to upgrade to honorable his general discharge from the Marine Corps. In holding that section 2401(a) applied to plaintiff's action, the court rejected, as contrary to the express language of the statute and the case law in the D.C. Circuit, the reasoning of a line of cases which had recognized an implicit exception from section 2401(a) for equitable actions seeking prospective relief from court martial convictions. The court explained:

> We thus adhere to the analysis set forth in *Saffron [v. Department of the Navy,* 561 F.2d 938 (D.C.Cir.1977) ] that treats legal and equitable claims identically under section 2401(a). Even though the relief sought in this case is purely prospective, and does not involve reinstatement, the plaintiffs seek a remedy that significantly compels very extensive government action and in addition may eventually result in substantial demands on the federal fisc. Such claims for re-

lief must be viewed as within the scope of the statute. *Walters*, 725 F.2d at 113. We conclude that section 2401(a) is applicable to plaintiff's first cause of action.

■ As the next step in our analysis, we must determine when the six-year statute of limitations period began to run. Relying upon *Walters*, defendant contends that the limitations period began to run from the date of plaintiff's discharge on July 20, 1973. To the contrary, plaintiff argues that it did not begin to run until the 1982 ADRB denial on the merits of his application for an upgrade in discharge. Plaintiff asserts that *Walters* is inapposite since the court there did not have the occasion to consider the effect on the operation of section 2401(a) of a plaintiff's pursuit and exhaustion of his administrative remedies.

Section 2401(a) expressly states that "the complaint must be filed within six years after the right of action accrues." Plaintiff's first cause of action accrued "when his right to resort to federal court was perfected." *Oppenheim v. Campbell*, 571 F.2d 660, 662 (D.C.Cir.1978). Thus, immediately after his discharge in 1973, plaintiff could have commenced an action in federal court challenging the propriety of the 1973 administrative proceeding and seeking a recharacterization of his discharge. *See, e.g., Reeves v. Marsh*, No. 82–3439, slip op at 5 (D.D.C. June 7, 1978). So, logic would dictate that with respect to plaintiff's first cause of action the six-year statute of limitations of section 2401(a) began to run from the date of plaintiff's discharge on July 20, 1973.

Although decided under slightly different circumstances, *Walters* provides substantial support for this conclusion. In *Walters*, the plaintiff filed suit in August 1981 for declaratory and injunctive relief to upgrade his 1973 general discharge from the Marine Corps. Noting that plaintiff's suit was brought seven and one-half years after his discharge and that plaintiff had not availed himself of his administrative remedies in the interim, the court held that plaintiff's action was barred by the six-year statute of limitations of section 2401(a).

In reaching its decision, the *Walters* court held that plaintiff's cause of action first accrued in 1973 when he received his general discharge. The court stated that "the strong weight of authority is that the section 2401(a) limitations period begins to run when the servicemember's administrative discharge is final." *Walters*, 725 F.2d at 114. The court did note that the plaintiff had made no attempt to exhaust his administrative remedies and that it did not have to decide whether, had the plaintiff sought and received a final decision from a review board, the statute of limitations could have been tolled in any way.

In the present case, plaintiff did avail himself of his administrative remedies. However, we are not persuaded that plaintiff's pursuit of administrative relief affects the principle announced in *Walters* that the limitations period of section 2401(a) begins to run when the servicemember's discharge is final. Regardless of plaintiff's subsequent decision to seek administrative relief, nothing prevented plaintiff from resorting to this Court immediately after his discharge in 1973—and plaintiff does not argue otherwise. Accordingly, with respect to plaintiff's first cause of action, we hold that the statute of limitations of section 2401(a) began to run from July 20, 1973, the date on which plaintiff was effectively discharged from the Army, and that his first cause of action is effectively time barred.[2]

B. *Agency Reviews of Plaintiff's Discharge*

Plaintiff's second cause of action seeks judicial review under the Administrative

---

**2.** Although language in *Walters* intimates that a plaintiff's pursuit of administrative remedies may operate to toll the running of the statute of limitations, we do not have to decide that issue. For, even if we were inclined to toll the statute of limitations for those periods of time during which plaintiff pursued his administrative remedies, more than six years has elapsed between the discharge and the filing of the suit.

Procedure Act, 5 U.S.C. § 706(2) (1982), of the decisions of the ADRB and ABCMR denying his application for an upgrade in discharge. Plaintiff claims that the decisions of these review boards violated his rights under federal law and the U.S. Constitution. This cause of action is independent of his first cause of action and is not subject to the rationale in *Walters* which recognized but did not reach the issue of the reviewability in federal court of a decision of an ADRB or ABCMR. *See, Walters*, 725 F.2d at 113. That issue is directly presented by plaintiff's second cause of action.

In moving to dismiss plaintiff's second cause of action, defendant asserts that it too was filed after the expiration of the limitations period of section 2401(a). While he does not dispute that section 2401(a) sets forth the time period within which he must act to obtain judicial review of the ADRB and ABCMR denials of his request for an upgrade in discharge, plaintiff vigorously contends that the six-year limitations period has not expired. We thus move to a consideration of when the six-year limitations period of section 2401(a) began to run in the context of a suit seeking review of agency action.

█ As we noted in the first section of this Opinion, the statute of limitations of section 2401(a) does not begin to run until plaintiff's right of action has accrued. "In the agency context, the logical inference is that the cause of action accrues when all statutorily required or permitted agency review has been exhausted." *Impro Products, Inc. v. Block*, 722 F.2d 845, 850 (D.C. Cir.1983). Therefore, as a threshold issue, we must determine whether plaintiff has exhausted all statutorily required or permitted agency action. If plaintiff has not, then his second cause of action must be dismissed, not by virtue of the time bar of section 2401(a), but because it is premature.

In that connection, we examine the avenues of administrative relief that plaintiff traveled after his discharge in 1973. In September 1974, plaintiff applied to the ADRB for an upgrade of his discharge. The ADRB denied his request on February 5, 1975. On February 11, 1975, plaintiff applied to the ABCMR for similar relief. This request was also denied in July 1975. It is fair to say that immediately after the decisions of the ADRB and ABCMR in 1975, plaintiff had exhausted all statutorily permitted agency action. Therefore, plaintiff could have brought suit seeking judicial review of these agency actions at that time.

However, with the passage of the Act of October 8, 1977, Pub.L. No. 95–126, 91 Stat. 1106, plaintiff was given a new opportunity to have his discharge reconsidered by the ADRB under published uniform standards and procedures. Plaintiff took advantage of this opportunity by applying for ADRB review in July 1979, and, because he never received notice of a scheduled hearing in that action, he reapplied in September 1980. Ultimately, in June 1982, the ADRB denied plaintiff's request.

By letter of June 25, 1982,[3] plaintiff was officially informed by the Office of the Adjutant General that the ADRB had denied his latest request for an upgrade, but that he could apply to the ABCMR for another review. Apparently, plaintiff decided to forgo that procedure. Because plaintiff may still apply to the ABCMR for a review of his discharge,[4] we hold that plaintiff has not exhausted all statutorily

---

3. See, Exhibit A, page 1 of plaintiff's cross-motion for summary judgment.

4. The ABCMR, created pursuant to 10 U.S.C. § 1552 (1982), may correct the military record of any servicemember if necessary to correct an error or to remove an injustice. Section 1552 requires a servicemember to seek review within three years after he discovers the error or injustice, but allows the board to waive the three year period "in the interest of justice." As plain-

tiff has pointed out, an application for review filed with the ABCMR within three years of an ADRB denial of relief is considered as filed within three years of discovery of the error or injustice. *See, e.g., Van Bourg v. Nitze*, 388 F.2d 557, 565 (D.C.Cir.1967). Thus, plaintiff has three years from the latest ADRB denial, June 1982, to apply to the ABCMR for review of his discharge.

permitted agency action and, thus, that this cause of action must be dismissed.[5]

### III. ORDER

Accordingly, it is this 9th day of April, 1984,

ORDERED that defendant's motion for summary judgment be, and the same is hereby, granted.

**5.** There are good reasons for requiring a plaintiff to exhaust all administrative relief before seeking judicial review of any agency action. As the court in *Bethlehem Steel Corp. v. E.P.A.* 669 F.2d 903, 907 (3rd Cir.1982), stated:

[I]t is more desirable to let the administrative process go forward without interruption than to permit the parties to petition the courts at various intermediate stages. In that way, the agency can develop the necessary factual background, apply any special expertise it might possess, and correct its own errors. This judicial forebearance demonstrates a proper respect for administrative autonomy and allows the agency to function more efficiently and responsibly.

The 1982 ADRB decision was based on the concurrence of only three of its five members. We believe that considerations of judicial economy dictate that the difficult issues presented by plaintiff's application for an upgrade of his discharge be considered first by the ABCMR. If plaintiff's request is granted by that board, further resort to this Court will be obviated. If we were to pass upon the validity of the 1982 ADRB decision and uphold it, plaintiff would very likely seek review by the ABCMR. Thus, a few years down the line we might well be asked to review a subsequent decision of the ABCMR. By requiring plaintiff to exhaust all permissible agency review now, we avoid piecemeal review of agency action.