**Edward SPANNAUS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 85–2401.**

United States District Court, District of Columbia.

July 10, 1986.

fendant has moved to dismiss on the ground that this suit is time-barred. Whether a FOIA action is in fact governed by a statute of limitations appears to be a question of first impression. For the reasons set forth below, the Court concludes that plaintiff's suit is untimely and must be dismissed.

I.

This case grows out of two FOIA requests submitted by plaintiff in September, 1977. In the first, plaintiff sought, by letter dated September 20, 1977, all FBI records concerning Gregory F. Rose, an alleged paid FBI informant. The second, submitted September 21, sought all files in the FBI's New York field office pertaining to eleven organizations: the National Caucus of Labor Committees, the U.S. Labor Party, the Fusion Energy Foundation, the Labor Organizers Defense Fund, the Campaigner Publications, the New Solidarity International Press Service, the Committee to Elect Lyndon LaRouche, the Revolutionary Youth Movement, the National Unemployed and Welfare Rights Organiztion, the New York Labor Committee, and the New York SDS Labor Committee. The FBI's New York field office acknowledged receipt of both requests on October 5, 1977, and advised plaintiff that it was forwarding them to FBI Headquarters, where most of the investigative files he sought were located.

James H. Lesar, Fensterwald, Alcorn & Bowman, Washington, D.C., for plaintiff.

Philip A. Kesaris, Atty.-Advisor, Office of Information and Privacy, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Plaintiff Edward Spannaus brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to Federal Bureau of Investigation (FBI) records pertaining to Gregory F. Rose and eleven named organizations. De-

The New York office, however, continued processing those documents responsive to plaintiff's September 21 request which had not been removed to FBI Headquarters, and, on October 19, informed him that it had located eleven such documents. It withheld ten of these in their entirety, and released only a portion of the eleventh. Plaintiff appealed that decision administratively on October 28, 1977. Fifteen months later, on January 19, 1979, the Office of Information and Privacy Appeals ("OIPA") released an additional 137 pages from the eleven responsive documents and affirmed the remainder of the withholdings.

FBI Headquarters responded to plaintiff's request concerning Gregory F. Rose on November 22, 1977, advising him that the materials he sought were protected under the Privacy Act and would not be released. Plaintiff appealed that decision administratively, and OIPA affirmed the denial of his request in February, 1978. With respect to that portion of his September 21 request which had been forwarded to FBI Headquarters, plaintiff received his first response on January 30, 1979. The agency informed him that it was denying his request in part. It subsequently released 2,690 pages on June 14, 1979 and withheld another 2,667. Plaintiff again sought administrative review of this decision and also challenged the adequacy of the agency's search. His appeal was denied on August 15, 1979.

In 1975, persons and organizations associated with Lyndon H. LaRouche filed suit against the FBI in the Southern District of New York, alleging violations of their civil and constitutional rights. *Lyndon H. LaRouche v. William H. Webster*, 566 F.Supp. 415 (S.D.N.Y.). Plaintiffs in that case sought to amend their complaint in April, 1982, to include the FOIA claims now before this Court. The New York District Court denied that motion in October, 1984, dismissing the FOIA claims without prejudice. Plaintiff filed the present suit on July 26, 1985.

## II.

■ FOIA itself does not expressly provide a statute of limitations governing suits brought under it. Section 2401(a) of title 28, however, states, in relevant part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues...." 28 U.S.C. § 2401(a). Unlike general statutes of limitations, however, section 2401(a) is not merely a procedural requirement; it is a condition attached to the sovereign's consent to be sued and, like all waivers of sovereign immunity, must be strictly construed. *See Soriano v. United States*, 352

U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957); *Kreiger v. United States*, 539 F.2d 317, 320–21 (3d Cir.1976). Accordingly, strict compliance with this statute of limitations is a jurisdictional prerequisite to suit that can neither be waived by the government, *Walters v. Secretary of Defense*, 725 F.2d 107, 112 n. 12 (D.C.Cir. 1983), nor relaxed by the courts for equitable considerations, *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir.1983) (applying section 2401(b)), *cert. denied*, 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir.1981) (applying section 2401(b)).

The "right of action" to which section 2401(a) refers is "not the right to administrative action but the right to file a civil action in the courts against the United States." *Crown Coat Front Co. v. United States*, 386 U.S. 503, 511, 87 S.Ct. 1177, 1181, 18 L.Ed.2d 256 (1967). Such a right accrues when "the right to resort to federal court [is] perfected." *Impro Products, Inc. v. Block*, 722 F.2d 845, 850 (D.C.Cir. 1983) (quoting *Oppenheim v. Campbell*, 571 F.2d 660, 662 (D.C.Cir.1978)), *cert. denied*, 469 U.S. 931, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *see also United States v. Sams*, 521 F.2d 421, 429 (3d Cir.1975) (claim first accrues when claimant entitled to institute an action). FOIA itself provides that a right to judicial review accrues when a requester has constructively exhausted his or her administrative remedies. It states that "[a]ny person making a request to any agency for records ... *shall be deemed to have exhausted his administrative remedies* with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C) (emphasis supplied). The applicable time limit requires agencies to determine within ten working days after receipt of the request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Here, plaintiff's requests were dated September 20 and 21, 1977. The FBI's first determination with respect to either was made on October 19, 1977. Even assuming the requests were

delayed in the mails a week, the ten working-day response period had run by the time of the agency's first determination.[1] Thus, by mid-October, 1977, plaintiff's cause of action had accrued and the statute of limitations began to run. This case was filed July, 1985, nearly two years after the statute had expired. Defendant contends it must therefore be dismissed as time-barred.

■ In his opposition plaintiff raises essentially three arguments. First, he contends that applying section 2401(a) to FOIA actions is inconsistent with the spirit and purpose of the Act, and is, in any event, futile. Second, he claims that the statute of limitations is inapplicable to a case such as this, which is purely equitable in nature. Third, he argues that, even if the statute does apply, it was tolled by the filing of his FOIA claims in the New York suit or, alternatively, by the administrative appeals undertaken by the agency itself.

Although section 2401(a), by its own terms, applies to *"every* civil action commenced against the United States," 28 U.S.C. § 2401(a) (emphasis supplied), plaintiff argues that this language is not to be taken literally, pointing to the fact that courts have not applied the statute to habeas corpus petitions. In response, defendant notes that while section 2401(a) has never been used to bar a habeas action, *see Walters v. Secretary of Defense,* 725 F.2d at 113, neither the *Walters* court nor plaintiff cite any case in which the applicability of section 2401(a) was even discussed, let alone decided, in the context of a habeas petition. More importantly, defendant argues that the interests of a plaintiff in a FOIA action seeking government doc-

uments simply cannot be compared to those of prisoners "incarcerated in flagrant violation of their constitutional rights." *Pennsylvania, ex rel. Herman v. Claudy,* 350 U.S. 116, 123, 76 S.Ct. 223, 227, 100 L.Ed. 126 (1956). Indeed, in holding that section 2401(a) applied to a corrective action brought by a dishonorably discharged marine, the *Walters* court rejected the district court's analogy between corrective actions and habeas petitions, stating that such a comparison "fail[ed] to give adequate consideration both to the unique constitutional status of the Great Writ, and to the weighty policies behind ... section 2401(a)...." *Walters,* 725 F.2d at 113 (footnote omitted). Consideration of those same factors here makes clear that the habeas exception to section 2401(a)'s otherwise allencompassing reach is an extremely narrow one, dictated by the unique constitutional values at stake in a habeas petition, and that no comparable constitutional interests support an expansion of this exception to include FOIA actions.[2]

Plaintiff next notes that statutes of limitations are statutes of repose, designed to prevent the unfairness to defendants that can result from the passage of time. Such a statute has no place in a FOIA action, he claims, since there is no concern that memories will have faded or that witnesses will have disappeared in such a lawsuit. Whether or not plaintiff's contention is true as a factual matter—and defendant claims it is not—section 2401(a) is not, as plaintiff suggests, merely a statute of repose. Rather, it is a condition attached to the government's waiver of sovereign immunity and, as such, is a jurisdictional prerequisite to suit. Thus, even if this Court

---

**1.** The government assumes that the properly addressed requests were received within three days of their mailing—by September 23 and 26, respectively—and that the period for response expired by October 7 and 10, 1977. Plaintiff neither accepts nor challenges this assumption. Even assuming a week's mailing period, the response period would have run by October 13, 1977.

**2.** Plaintiff characterizes FOIA as the "embodiment of First Amendment rights," thereby at-

tempting to elevate his statutory cause of action to the level of a constitutional right. FOIA, however, was not compelled by the first amendment, and plaintiff has cited no independent, constitutional right to the information he seeks. Without in any way denigrating the important rights created by FOIA, the Court finds that it cannot accept plaintiff's contention that his rights under that statute are comparable to the constitutional rights of prisoners seeking relief through habeas actions.

agreed that, as a theoretical matter, section 2401(a) served little useful purpose in the context of a FOIA action, the Court would nevertheless be obliged to enforce the limitation. Indeed, it is without jurisdiction to do otherwise.

Plaintiff also claims that applying a statute of limitations in FOIA cases would contravene the spirit, thrust and purpose of the Act, which is designed to insure that citizens obtain government documents to which they are entitled. Toward that end, Congress amended the Act in 1974 and added a provision for recovery of attorney's fees so that the average citizen who otherwise would lack the necessary financial resources can pursue legal remedies when all administrative appeals have been exhausted. Plaintiff submits that because the administrative process at some agencies exceeds six years, applying section 2401(a) to FOIA actions would force requesters to incur heavy legal expenses or forego their rights under the Act, a result Congress could not have intended. This argument is flawed in several key respects. First the very attorney's fees provision that plaintiff points to as evidence that Congress would not want section 2401(a) applied in FOIA actions, is itself designed to alleviate the heavy legal expenses that, according to plaintiff, force requesters to abandon their rights under the Act. In addition, it can be argued in almost every, if not all, cases in which section 2401(a) is applied that the statute adversely affects a right created by Congress. Such adverse effects, in and of themselves, do not demonstrate that Congress did not intend the statute to apply. Finally, while it is true that the administrative process does exceed six years for some requests, this Court is unwilling to assume that such delays occur in most, or even a substantial number of, requests. Moreover, where the administrative process approaches six years, requesters can file suit and seek a stay pending resolution of any administrative appeals, a not uncommon practice that preserves the requester's judicial rights while allowing the parties to seek the least expensive resolution of their dispute.

Finally, plaintiff argues that applying section 2401(a) to FOIA is in any event futile, since a requester can create a new cause of action with a new accrual date simply by filing a new request. Although neither party addressed the point, and the question is not presently before the Court, it is at least arguable that res judicata would apply where a plaintiff seeks to challenge an agency's response to a FOIA request that is in all material respects identical to an earlier request, and where that earlier request was the subject of a lawsuit previously dismissed as untimely. In addition, the government argues that because some agency FOIA administrative files created in response to requests are destroyed pursuant to General Records Schedule 14, it would in fact be beneficial for all parties to start fresh with a newly created file. In any event, because section 2401(a) is jurisdictional in nature, this Court is again not at liberty to decline to enforce it in FOIA suits simply because the Court finds it unwise or inefficient to do so.

In sum, the Court concludes that section 2401(a) is applicable to suits brought under FOIA.

■ Plaintiff's next contention merits little discussion. He argues that because he seeks purely equitable relief, section 2401(a) is inapplicable to this lawsuit, since statutes of limitations apply only to actions at law. In support of that proposition, plaintiff relies on *Saffron v. Dep't of the Navy*, 561 F.2d 938 (D.C.Cir.1978), a case in which the Court of Appeals ruled that section 2401(a) was applicable to suits seeking both equitable and legal relief. The *Saffron* decision necessarily implied that the statute of limitations would not apply to suits seeking only equitable relief. In a concurring opinion, Judge McGowan stated that in his view Congress intended section 2401(a) to govern all civil actions, whether equitable or legal—a view previously adopted by the Ninth and Fifth Circuits. *Id.* at 946 (McGowan, J., concurring) (*citing Werner v. United States*, 188 F.2d 266, 268 (9th Cir.1951) and *Screven v. United*

*States*, 207 F.2d 740, 741 (5th Cir.1953)). That view has since prevailed in subsequent cases in this Circuit. Thus, in *Walters v. Secretary of Defense*, 725 F.2d at 113, and *Calhoun v. Lehman*, 725 F.2d 115, 117 (D.C.Cir.1983), the Court of Appeals held that section 2401(a) barred the equitable claims of dishonorably discharged servicemen seeking to correct their military records. Indeed, just one year after *Saffron*, the appellate court applied section 2401(a) to a suit seeking recomputation of retirement credits, noting that "the fact that [the claim] is equitable in nature does not exempt it from the statute of limitations." *Oppenheim v. Campbell*, 571 F.2d at 662. Plaintiff argues that these cases misapply *Saffron* and depart from Supreme Court precedent, and should therefore not be followed. This Court, however, declines to disregard the controlling case law of this circuit. The fact that plaintiff seeks only equitable relief does not save it from operation of the statute of limitations.

■ Finally, plaintiff claims that if the statute does apply to this action, it was tolled either by the filing of his FOIA claims in the New York court or by the administrative review process itself. With respect to the court filing, defendant argues that the statute should not be tolled because the claims filed in New York are not identical to those filed here; the New York claims were technically never "filed" within the meaning of Rule 15 of the Federal Rules of Civil Procedure, but were merely "lodged" with that court; and a dismissal without prejudice does not operate to toll a statute of limitations. Because the Court agrees that the dismissal without prejudice did not affect the running of the statute, it need not address defendant's other contentions. In *Dupree v. Jefferson*, 666 F.2d 606 (D.C.Cir.1981), the Court of Appeals concluded, after canvassing state and federal court decisions on the question, that

> a dismissal without prejudice does not operate as an adjudication upon the merits, and thus leaves the situation the same as if suit had never been brought.

In effect, therefore, there was nothing to suspend the operation of the limitation period. Thus ... 'a party cannot deduct from the period of limitations the time during which the action ... dismissed [without prejudice] was pending.'

*Id.* at 611 (footnotes omitted) (quoting *Boner v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962)); *see also Kington v. United States*, 396 F.2d 9 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); *Humphreys v. United States*, 272 F.2d 411 (9th Cir.1959); *Enos v. Kaiser Xandus Corp.*, 443 F.Supp. 798 (D.D.C.1978).

Plaintiff would have this Court ignore this settled rule of law on the strength of *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), a case in which the Supreme Court ruled that the three-year limitations period of the Federal Employer's Liability Act ("FELA") was tolled during the pendency of plaintiff's state FELA action, which had been dismissed without prejudice for improper venue. That case, however, is inapposite for several reasons. First, the statute that created plaintiff's federal right also provided a limitations period. In determining whether that limitations period was subject to tolling, the Supreme Court looked to the humane and remedial purposes underlying FELA, and concluded that Congress did not intend to establish an inflexible bar to untimely suits. Here, by contrast, secton 2401(a) is a condition attached to the sovereign's waiver of its absolute immunity and is therefore a jurisdictional prerequisite to suit. As noted above, the policies underlying FOIA do not override this jurisdictional requirement. In addition, in *Burnett*, the plaintiff's state action had been dismissed rather than simply transferred because Ohio law did not allow for transfer when venue was improper. Had the plaintiff sued in federal court in Ohio, his claim would simply have been transferred to a proper district, and thereby saved from the time bar. Earlier Supreme Court decisions had established that Congress intended FELA to operate uniformly in all jurisdictions, regardless of local procedural rules; in *Burnett*, the

Court found that this uniformity would be destroyed if the statute were not tolled in light of Ohio's prohibition on transfer for improper venue. *Id.* at 433, 85 S.Ct. at 1057. No such considerations militate against application of section 2401(a) here. On the contrary, to toll the statute would depart from the well recognized rule that dismissals without prejudice have no effect on the running of limitations period.

[redacted] Plaintiff's final objection to the application of section 2401(a) in this case is perhaps his most compelling. He argues that the statute should not begin to run until all administrative appeals have been completed. To be sure, such an argument is not without persuasion. It is consistent with the general policy underlying the requirement that all administrative remedies be exhausted before redress is sought through the courts. Moreover, it seems particularly unfair to allow an agency to process a request for more than six years and then hide behind section 2401(a) when that processing is subsequently challenged in court.[3] Nonetheless, the Court is not at liberty to toll the statute precisely because Congress has expressly provided that where an agency fails to respond to a request within ten working days, the requester is deemed to have exhausted his or her administrative remedies. Congress, therefore, has established when a cause of action under FOIA accrues, and this Court may not disregard that determination. Nor is this rule unfair. Without the constructive exhaustion provision, agencies could delay processing requests indefinitely and completely frustrate judicial review. Congress prevented such a result by allowing requesters to institute suit before administrative review is completed. FOIA plaintiffs, however, must take the bitter with the sweet. Congress opened the door to the court house earlier than it might have in order to assist those seeking documents; that the door closes sooner is neither unfair nor, as plaintiff seems to believe, unexpected.[4] As earlier noted, those cases where the administrative review process exceeds six years, a requester can preserve his or her rights by filing suit and then seeking a stay pending resolution of any administrative appeals.

Lastly, plaintiff cites language from *Impro Products, Inc. v. Block,* in which this Court of Appeals, in discussing when a cause of action is perfected, stated that "[i]n the agency context, the logical inference is that the cause of action accrues when all statutorily required *or permitted* agency review has been exhausted." 722 F.2d at 85. As that case did not involve any permissive, as opposed to mandatory, administrative review, the court's observation with respect to "permitted agency review" is dicta, and is inconsistent with a series of cases holding that permissive review does not toll the statute of limitations. *See Boren v. United States,* 666 F.2d 536, 539 (Ct.Cl.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); *Bruno v. United States,* 556 F.2d 1104, 1105–06 (Ct.Cl.1977); *Camacho v. United States,* 494 F.2d 1363, 1369 (Ct.Cl.1974).[5]

3. That of course is not the situation presented by this suit. The agency completed its administrative review of plaintiff's September 20, 1977 request by February, 1978, and denied his appeal concerning the September 21, 1977 request by August 15, 1979. Thus, even if the Court accepted plaintiff's argument that administrative review tolls the statute, his claims concerning the September 20, 1977 request would be time-barred.

4. Plaintiff attempts to invoke the well-recognized principle that section 2401(a) can be tolled when the government fraudulently conceals the existence of a cause of action. *Richards v. Mileski,* 662 F.2d 65 (D.C.Cir.1981). The mere fact that the FBI incorrectly advised plaintiff initially as to the number of responsive documents located in its New York field office, and failed to notify him that it would rely on section 2401(a), in no way demonstrates that the agency concealed plaintiff's cause of action from him. That right was spelled out clearly in FOIA itself, and plaintiff could not have been unaware of it.

5. All of these cases involved section 2501, the statute of limitations governing the Court of Claims. The Court of Appeals for this Circuit, however, has observed that for purposes of tolling, "there is certainly no distinction between the companion statutes of limitations found at section 2401(a) and section 2501." *Walters v. Secretary of Defense,* 725 F.2d at 114.

More importantly, however, there is no need in this case to draw "logical inferences" as to when a cause of action accrues, since FOIA expressly establishes when such a right is perfected. The statute's constructive exhaustion provision simply leaves no doubt as to when a cause of action accrues, and effectively precludes tolling the statute while administrative appeals are processed.

Accordingly, for all the foregoing reasons, the Court concludes that plaintiff's claim is barred by the applicable statute of limitations and must therefore be dismissed.

SO ORDERED.