NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAHEEDA HAQ,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2021-1536

---

Petition for review of the Merit Systems Protection Board in No. DC-0842-20-0798-I-1.

---

Decided:  February 11, 2022

---

WAHEEDA HAQ, Manassas, VA, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, MARTIN F. HOCKEY, JR.

---

Before DYK, MAYER, and CHEN, *Circuit Judges*.

PER CURIAM.

Waheeda Haq petitions for review of a final decision of the Merit Systems Protection Board ("board") affirming a reconsideration decision by the Office of Personnel Management ("OPM") denying her claim for a deferred retirement annuity. *See Haq v. OPM*, No. DC-0842-20-0798-I-1, 2020 WL 6269186 (M.S.P.B. Oct. 23, 2020). For the reasons discussed below, we affirm.

## BACKGROUND

Haq worked for the Environmental Protection Agency from October 1998 until she resigned from her position in May 2004. Supplemental Appendix ("S.A.") 2, 33. On July 17, 2004, she applied for a refund of her Federal Employees Retirement System ("FERS") retirement contributions. S.A. 2, 31. Haq's application contained, above her signature, a certification that she understood that the refund would result in the permanent forfeiture of her FERS retirement rights. S.A. 2, 31.

Haq requested that her refund check be mailed to the Children's Fund, an organization in Virginia. S.A. 2, 7. OPM authorized the refund on November 16, 2004, S.A. 7, 33, and the agency's refund archive records show an "action date" of November 17, 2004. S.A. 7, 32. On June 25, 2020, Haq applied for a deferred retirement annuity but OPM denied her claim, explaining that she was not entitled to a retirement annuity because she had previously requested a refund of her retirement contributions. S.A. 2; *see* 5 C.F.R. § 843.202(b).

Haq then appealed to the board. Before the board, Haq testified that neither she nor the Children's Fund received the refund payment she had requested in 2004. S.A. 3–5. Haq further asserted that she was entitled to a deferred retirement annuity because her refund payment had never been deposited. S.A. 4.

In response, OPM produced documentation showing that it had authorized Haq's refund of $3,935.17 on November 16, 2004.  S.A. 7; *see* S.A. 32–33.  OPM further explained that "voucher data" related to the refund was unavailable because retirement fund refund payments are issued by the Department of the Treasury, which maintains records of such payments for only seven years.  S.A. 7, 32.  OPM noted, however, that it had never received notice that Haq's refund payment had not been deposited or that it had been returned for non-receipt.  S.A. 5.

On October 23, 2020, an administrative judge ("AJ") of the board issued an initial decision affirming OPM's decision to deny Haq's claim for a FERS deferred annuity.  S.A. 9.  The AJ determined that the doctrine of laches barred Haq's claim because her nearly sixteen-year "delay in questioning the processing of her refund application was unreasonable" and materially prejudiced OPM's ability to access records relevant to the question of whether the 2004 refund payment had been deposited.  S.A. 8.

Haq then appealed to this court.  Although Haq's appeal was initially filed prematurely, her appeal ripened when she withdrew her petition asking the full board to review the AJ's initial decision.  *See Jones v. HHS*, 834 F.3d 1361, 1365 (Fed. Cir. 2016) (explaining that "when a petitioner files a petition for review with this court before an AJ's initial decision becomes final, the petitioner's appeal ripens once that initial decision becomes the final decision of the [board]").  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a board decision is circumscribed by statute.  *See* 5 U.S.C. § 7703(c); *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756 (Fed. Cir. 2020).  We must affirm a board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or

regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). We review the board's application of the doctrine of laches for abuse of discretion. *See Nuss v. OPM*, 974 F.2d 1316, 1318 (Fed. Cir. 1992); *see also Brooklyn Brewery Corp. v. Brooklyn Brew Shop, LLC*, 17 F.4th 129, 142 (Fed. Cir. 2021).

Laches is an affirmative defense and the party raising the defense therefore bears the burden of proof. *Nuss*, 974 F.2d at 1318; *see Cornetta v. United States*, 851 F.2d 1372, 1380 (Fed. Cir. 1988) (en banc).* To successfully invoke the defense, OPM was required to establish that: (1) Haq's delay in making inquiries about her allegedly missing refund payment was unreasonable; and (2) it was materially prejudiced as a result of this delay. *Nuss*, 974 F.2d at 1318. There are two types of prejudice—defense prejudice and economic prejudice—that may result from unreasonable delay in bringing a claim. *Cornetta*, 851 F.2d at 1378. "Defense prejudice may include loss of records, destruction of evidence, fading memories, or unavailability of witnesses," whereas "economic prejudice . . . centers on consequences, primarily monetary, to the government should the claimant prevail." *Id.* (internal quotation marks omitted).

We conclude that there was no abuse of discretion in the board's determination that the doctrine of laches

---

*    The Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014), does not preclude the availability of laches in this case because there is no congressionally-defined limitations period. 28 U.S.C. § 2401(a), which sets a six-year limitations period for civil actions brought against the United States, does not generally apply to cases before administrative boards. *See Oppenheim v. Campbell*, 571 F.2d 660, 663 (D.C. Cir. 1978) (citing *Crown Coat Front Co. v. United States*, 386 U.S. 503, 510–11 (1967)).

barred Haq's claim for a deferred retirement annuity. As the board correctly determined, Haq's delay in seeking information about the refund of her retirement contributions was both unreasonable and inexcusable. She requested a refund of her retirement contributions on July 17, 2004, and this refund was authorized on November 16, 2004, *see* S.A. 2, 31–33, yet she waited nearly sixteen years to raise the claim that she had never received the refund in question, S.A. 2. Although Haq now asserts that neither she nor her designated beneficiary, the Children's Fund, received the refund payment, she fails to provide any reasonable explanation as to why she did not inquire about the status of her refund until she applied for a deferred annuity on June 25, 2020. *See* S.A. 2, 8.

As the board correctly noted, while Haq could not have obtained "a deferred annuity prior to reaching the minimum retirement age," this did not mean that she was precluded from contacting OPM "to determine whether her refund was processed" in a timely fashion. S.A. 8. Although Haq asserts on appeal that she was out of the country from August 2004 to April 2009, *see* Inf. Br. of Pet'r 2, she fails to explain how being out of the country prevented her from making any inquiries about the status of her refund. Furthermore, even assuming *arguendo* that Haq's delay while she was out of the country was excusable, she offers no persuasive justification for waiting eleven years after her return to the United States before raising the claim that she had never received the refund. *See, e.g.*, *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) (explaining that a party seeking to avoid the laches bar must be diligent and make such inquiries as the facts and circumstances reasonably warrant).

OPM suffered material defense prejudice, moreover, as a result of Haq's delay in inquiring about her allegedly missing refund payment. As discussed previously, retirement fund refund payments are issued by the Department of the Treasury and it maintains records of such payments

for only seven years.  *See* S.A. 3.  Accordingly, when Haq filed her claim in 2020, OPM was unable to access the documentation which would presumably have shown whether she or the Children's Fund had deposited the refund check she had requested.  S.A. 7–8.  OPM, therefore, was materially prejudiced in its ability to defend against Haq's claim. The prejudice to OPM was compounded by the fact that Haq failed to provide the board with any of her own tax or banking records from 2004.  *See* S.A. 8.

Because the length of Haq's delay in seeking her allegedly missing refund payment was unreasonable and this delay materially impeded OPM's ability to mount a defense against her claim, the board had ample support for its conclusion that the doctrine of laches barred her request for a deferred retirement annuity.  We have considered Haq's remaining arguments but do not find them persuasive.

## CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

## **AFFIRMED**