**Dale H. NUSS, Petitioner,**

**v.**

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 91–3482.**

United States Court of Appeals, Federal Circuit.

Sept. 8, 1992.

W. Craig James, Skinner, Fawcett & Mauk, Boise, Idaho, argued for petitioner. With him on the brief was Robert E. Kyte.

Deborah A. Brinley, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Martha H. DeGraff, Asst. Director. Also on the brief was Murray M. Meeker, Gen. Counsel, Office of Personnel Management, Washington, D.C., of counsel.

Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

RICH, Circuit Judge.

Dale H. Nuss (Mr. Nuss) appeals from the June 19, 1991 final decision of the Merit Systems Protection Board (board), 49 M.S.P.R. 139, Docket No. DE08318910108, reversing the administrative judge's (AJ) initial decision and reinstating the Office of Personnel Management's (OPM) determination that Mr. Nuss' claim for enhanced retirement benefits as a wildland firefighter, pursuant to 5 U.S.C. §§ 8336(c)(1), (d)(1) (West 1980), was barred by laches. We reverse and remand.

Mr. Nuss started his 33 year career with the National Park Service (NPS) as a seasonal employee on June 16, 1947 at Yellowstone National Park where he worked during the summer months until 1952. In 1952, he accepted a career conditional appointment with the NPS as a Park Ranger at Shenandoah National Park where he was employed for eleven months. Effective August 16, 1953, he transferred back to Yellowstone National Park variously serving for the next 27 years as a Park Ranger, Supervisory Park Ranger and District Ranger until he retired on August 31, 1980.

Upon retiring from the NPS, Mr. Nuss received an "optional retirement" annuity computed under the formula applied in ordinary retirement situations. However, on July 6, 1987, believing that his primary duty during his 33 years of service was creditable as "firefighting" and, to a smaller extent, "law enforcement," Mr. Nuss applied to OPM for enhanced retirement benefits pursuant to a special retirement enhancement provision for firefighters and law enforcement personnel. See 5 U.S.C. §§ 8336(c)(1), (d)(1) (West 1980).

On December 8, 1988, OPM issued a decision denying Mr. Nuss' claim based upon the affirmative defense of laches. Mr. Nuss appealed to the Denver regional office of the MSPB. On April 10, 1989, the AJ hearing the case reversed OPM's decision finding that OPM had failed to establish the affirmative defense of laches and that Mr. Nuss was entitled to enhanced firefighter benefits. On May 15, 1989, OPM filed a petition for review with the full board.

On June 19, 1991, the full board issued a decision granting OPM's petition and reversing the AJ's decision, holding that Mr. Nuss' delay was inexcusable and that OPM had demonstrated that it was prejudiced by the delay.[1] The board held that Mr. Nuss' explanation was inexcusable because he was aware at the time of his retirement in 1980 that qualified employees may have been eligible for enhanced annuity benefits. The board also held that OPM was prejudiced by Mr. Nuss' delay because it resulted in the loss of relevant evidence and impaired OPM's ability to evaluate the claim.

The scope of this court's review is defined and limited by statute. *Graybill v. United States Postal Serv.*, 782 F.2d 1567, 1570 (Fed.Cir.), *cert. denied*, 479 U.S. 963, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986). The board's decision must be affirmed unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C.

---

1. The board did not address the merits of Mr. Nuss' claim. Therefore, contrary to Mr. Nuss' position, the merits of his case are not before this court.

§ 7703(c). *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). For the reasons that follow, we find that the board abused its discretion in its application of the doctrine of laches and, accordingly, reverse that determination and remand the case to the board for a review on the merits.

 Laches is an affirmative defense and, therefore, the party raising the defense, in this case OPM, bears the burden of proof. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed.Cir.1992) (*in banc*); *Cornetta v. United States*, 851 F.2d 1372, 1380 (Fed. Cir.1988) (*in banc*). To invoke the laches defense, OPM must prove two factors: 1) Mr. Nuss's delay was both unreasonable and inexcusable; and 2) his almost seven year delay operated to the prejudice or injury of OPM. *Aukerman*, 960 F.2d at 1032; *Cornetta*, 851 F.2d at 1377–78. Furthermore, OPM must show that it was materially prejudiced or injured. *Aukerman*, 960 F.2d at 1028.

 Mr. Nuss conceded that he was aware of the enhanced benefits at the time of his retirement in 1980. However, he explained that he failed to apply for the enhanced benefits because his supervisors had informed him that the enhanced annuity provisions did not apply to former Park Rangers. Based on the alleged misinformation provided by his supervisors, Mr. Nuss believed that the benefits were available only to qualifying employees of the U.S. Forest Service. The board's finding that Mr. Nuss was aware of the enhanced benefits was, in fact, based on a letter Mr. Nuss wrote in 1980 on behalf of a U.S. Forest Service employee to assist him in applying for the enhanced benefits.

It was not until January 1987, when Mr. Nuss met Robert Sellers, a former NPS coworker receiving the enhanced benefits, that Mr. Nuss learned that he, like Mr. Sellers, might be eligible to receive the enhanced retirement benefits if his primary duty was as a firefighter. Subsequently, Mr. Nuss contacted Mr. Sellers' attorneys who filed an application on behalf of Mr. Nuss.

Mr. Sellers confirmed Mr. Nuss's testimony with respect to receiving misinformation from the NPS. The NPS had submitted Mr. Sellers' name and the names of other NPS employees to receive the enhanced retirement benefits, but later informed him that the names were withdrawn because they did not qualify. There is also evidence to suggest that Mr. Sellers was the first NPS employee to receive the enhanced firefighter benefits.

In the absence of relevant portions of the hearing transcript, we decline the opportunity to address the board's decision with respect to the reasonableness of Mr. Nuss' delay in filing for the annuity benefits. However, we reverse the board's decision because OPM failed to prove that it was materially prejudiced by the delay. The board stated:

> We further find that the appellant's delay resulted in the loss of relevant evidence and thereby impaired OPM's ability to evaluate his claim. OPM's witness testified to the unavailability of the Yellowstone Park Personnel Officer who was the most familiar with the Park Service's determination concerning which positions were covered under 5 U.S.C. § 8336. [Citations and footnote omitted.] Although OPM's evidence that other personnelists had left the agency since the appellant's retirement did not show that those individuals were unavailable, we find it likely that his delay made it more difficult for the agency to locate others familiar with his work.

The board states that Mr. Nuss' delay resulted in the unavailability of a personnel officer. However, the unavailability of personnel officers does not significantly prejudice OPM. Other witnesses, including some of Mr. Nuss' direct supervisors and former coworkers, were available and testified or submitted affidavits attesting to the actual duties performed by Mr. Nuss. In contrast to Mr. Nuss' direct supervisors and coworkers, personnel officers have relatively little, if any, knowledge regarding Mr. Nuss' actual duties. Although the personnel officer may be familiar with the official position descriptions, it is the actual

 

duties performed by Mr. Nuss and not merely the official position descriptions that control in determining whether he is eligible to receive enhanced retirement benefits. *Felzien v. Office of Personnel Management*, 930 F.2d 898, 903 (Fed.Cir. 1991); *Little v. Office of Personnel Management*, 762 F.2d 962, 963–64 (Fed. Cir.1985).

Furthermore, as the AJ recognized, Mr. Nuss tacitly admitted that none of the position descriptions for the Park Ranger positions he held would support his entitlement to an enhanced annuity. Thus, the loss of these documents neither prejudices OPM nor impedes the board's ability to fairly adjudicate the appeal.

Although the board's decision mentions that Mr. Nuss's delay resulted in the loss of relevant evidence, OPM has failed to establish that any loss of evidence resulting from the delay materially prejudiced its ability to review his application. For example, OPM argues that the board's decision is supported by testimony that at least three other personnel officers with intimate knowledge of Mr. Nuss' career would have been available as Park Service employees if Mr. Nuss had filed his claim in 1980, but had retired by 1987. However, OPM's claim that the witnesses have retired does not establish that these witnesses are actually unavailable.[2]

The board also found that the loss of other evidence could not be attributed to Mr. Nuss' delay, finding that:

> OPM has not shown that the appellant's deceased former supervisors became unavailable as a result of his 7-year delay, however. OPM's witness did not know whether the appellant's supervisors died before or after his retirement, and OPM's assertion in its petition for review that one supervisor died after 1980 is not supported by its transcript citation. Nor was the loss of documentary evidence shown to be the result of the appellant's delay, since the relevant documents in his personnel file at the time

of his retirement were destroyed at that time or shortly thereafter. [Citations omitted.]

After reviewing all of OPM's arguments, we find that it failed to meet its burden to show that it was materially prejudiced by the seven year delay. Therefore, under the circumstances of this case, we conclude that the board abused its discretion in finding that Mr. Nuss' claim for enhanced retirement benefits was barred by laches. Accordingly, we reverse and remand for consideration of the merits of this case.

REVERSED and REMANDED.

---

**2.** On the contrary, it is apparent that at least one of these witnesses is available. OPM recognizes this witness is "extremely knowledgeable," but says it prefers not to obtain her testimony because she did not resign from the Government on amicable terms.