NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH L. GRAY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1223

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-14-0450-I-1.

---

Decided: July 8, 2016

---

KENNETH L. GRAY, Sandy, UT, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, LINN, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Kenneth L. Gray appeals from a Merit Systems Protection Board ("Board") decision dismissing his appeal as barred by the doctrine of laches. We *affirm*.

## BACKGROUND

Dr. Gray began working for the Department of the Interior ("agency") as a Sociologist on March 7, 1974 pursuant to a temporary appointment, not to exceed July 7, 1974. On July 3, 1974, his temporary appointment expired. After a three-day break in service, Dr. Gray was placed on a career-conditional competitive service appointment to the position of Sociologist. He later resigned on May 30, 1975.

The agency utilizes Standard Form 50 (SF-50) to record personnel actions. An SF-50 dated July 5, 1974 ("First SF-50") states Dr. Gray was subject to a one-year probationary period beginning on March 7, 1974. Over six months later, on January 22, 1975, a second SF-50 issued as a "correction" ("Corrected SF-50"), delaying the start of Dr. Gray's probationary period to July 7, 1974. Dr. Gray's May 30, 1975 resignation is recorded in a third SF-50 ("Resignation SF-50"), indicating he resigned "during probation" and because of "policy disagreements."

In 2014, Dr. Gray requested documentation of his employment with the agency, which Dr. Gray's current employer had asked him to obtain. With this request, Dr. Gray received a portion of his personnel record containing the three above-discussed SF-50s. He subsequently filed his initial appeal regarding his May 30, 1975 resignation. He alleged that in 1975, his supervisor forced him to resign or face termination. He further alleged that his supervisor falsified the Corrected SF-50 and Resignation SF-50 to reflect that he resigned before completing his probationary period, and falsely informed him that he had no appeal rights. He argued that the agency failed to notify him of his right of appeal.

In its Initial Decision, the Board held that it lacked jurisdiction because Dr. Gray was not a "covered employee" with appeal rights. The 1975 version of 5 C.F.R. § 752.201 provides appeal rights only to employees who (1) are not serving a probationary period; and (2) have completed one year of current continuous employment. The Board held that Dr. Gray was not a "covered employee" because as of his resignation on May 30, 1975, he was still serving a one-year probationary period and had not completed one year of current continuous employment due to his three-day break in service.

Dr. Gray petitioned for review, and the Board vacated its Initial Decision. The Board held that Dr. Gray completed his probationary period on March 6, 1975, consistent with the First SF-50, as opposed to the Corrected SF-50, and therefore was a "covered employee" with appeal rights. In particular, the Board determined that under the regulations in place in 1975, Dr. Gray's service under his temporary appointment—rendered immediately prior to his career-conditional appointment, in the same line of work, for the same agency, and with only one break of service occurring less than 30 days—could count toward his completion of his probationary period. But the Board held that Dr. Gray's appeal was barred by the doctrine of laches. It held that the agency was not obligated to inform Dr. Gray of his right to appeal, and found that Dr. Gray's 40-year delay was unreasonable and inexcusable. It also found that the agency was overwhelmingly prejudiced by Dr. Gray's delay and could not defend itself against Dr. Gray's claim. Dr. Gray appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board's decision is limited by statute. We affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures

required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review the Board's application of the doctrine of laches for an abuse of discretion. *See Nuss v. Office of Personnel Mgmt.*, 974 F.2d 1316, 1318 (Fed. Cir. 1992).

To invoke the affirmative defense of laches, the agency bears the burden of proving two factors: (1) Dr. Gray's 40-year delay was unreasonable and inexcusable; and (2) Dr. Gray's delay materially prejudiced the agency. *Id.* "Prejudice may not be presumed from the length of a claimant's delay." *Cornetta v. United States*, 851 F.2d 1372, 1380 (Fed. Cir. 1988). The agency can show material prejudice stemming from Dr. Gray's delay through either economic or defense prejudice. *Id.* at 1378. Here, the agency relies on defense prejudice. The agency asserts that it is unable to mount a defense due to the unavailability and faded memories of witnesses and the potential loss of relevant documents, such as notes written by Dr. Gray's former supervisor or personnel specialists.

We conclude that the Board did not abuse its discretion in holding that Dr. Gray's claim was barred by laches. The Board determined that Dr. Gray's 40-year delay was unreasonable and inexcusable, finding that Dr. Gray could have requested his complete personnel file at any time over the past 40 years. The Board also determined that the agency was materially prejudiced by Dr. Gray's delay, finding that the agency is unable to defend itself against Dr. Gray's claim due to the unavailability of witnesses and loss of relevant documents. Under the deference owed to the Board, the laches bar in this case must stand. We cannot say that the Board abused its discretion in light of Dr. Gray's 40-year delay.

## Conclusion

For the foregoing reasons, the decision of the Board is *affirmed*.

## Costs

No costs.