NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NEIL F. SLEEVI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1447

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-20-0767-I-1.

---

Decided:  July 9, 2021

---

NEIL F. SLEEVI, Platte City, MO, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, LINN and O'MALLEY, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

Neil F. Sleevi seeks review of a decision of the Merit Systems Protection Board ("Board"). The Board dismissed Mr. Sleevi's appeal of the Department of Homeland Security's ("DHS") rescission of an employment offer. Mr. Sleevi alleges that DHS violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, *et seq.*, when it rescinded his employment offer in 2007. Nearly thirteen years after this alleged violation, he filed his appeal with the Board. The Board granted DHS's unopposed motion to dismiss, finding that Mr. Sleevi's claim was barred by laches. *Sleevi v. DHS*, No. DC-4324-20-0767-I-1, 2020 WL 5174841 (Aug. 25, 2020). Because the Board's decision was not an abuse of discretion, we *affirm*.

## BACKGROUND

In April 2007, DHS offered Mr. Sleevi, who was then serving in the military, a position as a Telecommunications Specialist in the now defunct National Programs and Protection Directorate.[1] On August 29, 2007, DHS rescinded that job offer. Mr. Sleevi filed a complaint with the DOL in February 2008, alleging that DHS rescinded his job offer because of his military obligations in violation of USERRA.

In November 2008, the DOL notified Mr. Sleevi that it had not found a USERRA violation. The DOL informed Mr. Sleevi that he had the right to file a complaint against the DHS directly to the Board. The DOL cautioned Mr. Sleevi that the Board "encourages appellants to file a USERRA

---

[1]    The National Programs and Protection Directorate was reorganized into the Cybersecurity and Infrastructure Security Agency in 2018. 6 U.S.C. § 652(a)(1).

appeal as soon as possible after the date of alleged violation[.]" App. 48 (citing 5 C.F.R. § 1208.12).[2]

Mr. Sleevi waited until July 28, 2020—nearly thirteen years after he was notified of DHS's rescission of his job offer and nearly twelve years after he received the DOL notice—to appeal to the Board. DHS filed a motion to dismiss, arguing that the doctrine of laches barred Mr. Sleevi's appeal due to his lengthy delay in filing. Specifically, DHS argued that Mr. Sleevi's delay prejudiced its ability to respond to his claim for three reasons: (1) any relevant documents would have been long destroyed under DHS's general two-year document preservation regulation; (2) any witnesses would be difficult or impossible to locate; and (3) the office to which Mr. Sleevi had applied no longer existed and had transitioned through a number of reorganizations. Mr. Sleevi did not respond to DHS's motion. The Board granted the motion, finding that Mr. Sleevi offered no excuse for his unreasonable delay and that his delay prejudiced DHS's ability to respond to his claims.

Mr. Sleevi appealed the Board's dismissal of his appeal to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court sets aside final Board decisions that it finds to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c). To establish the defense of laches, the party claiming laches must show that (1) there was unreasonable and inexcusable delay in bringing the appeal that (2) materially prejudiced or injured it. *See Nuss v. Off. of*

---

[2]    Citations to "App." refer to Appellant Mr. Sleevi's Appendix.

*Pers. Mgmt*, 974 F.2d 1316, 1318 (Fed. Cir. 1992).  We review the Board's application of the doctrine of laches for an abuse of discretion and review underlying factual findings for clear error.  *See Bridgestone/Firestone Rsch., Inc. v. Auto. Club de l'Ouest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001).

For the first time on appeal, Mr. Sleevi alleges that DHS committed wide-ranging fraud, which excuses his lengthy delay.  He claims that the DHS fraudulently concealed evidence which prevented him from knowing in 2007 and 2008 that his military service obligation was a motivating factor in the rescission of his employment offer.  He also alleges that DHS spoliated documents in adhering to its general policy of destroying documents after two years.

Mr. Sleevi further argues that the Board violated the pro-veteran canon of construction by failing to consider evidence of potential fraud.  Mr. Sleevi admits that he never responded to DHS's motion to dismiss.  But he argues that, even without this response, the pro-veteran canon of construction required the Board to systematically review the entire record for evidence that could be construed in his favor.  Finally, Mr. Sleevi argues that the Board erred in finding that it "must dismiss" his case for laches.  Mr. Sleevi admits that the Board had discretion to dismiss his appeal, but maintains that less severe remedies exist and that he must be given the benefit of those options under the pro-veteran canon of construction.

Mr. Sleevi's arguments do not persuade us that the Board abused its discretion in dismissing Mr. Sleevi's appeal.  Substantial evidence supports the Board's findings that Mr. Sleevi's delay was both unreasonable and inexcusable.  The DOL notified Mr. Sleevi in 2008 of his right to appeal to the Board and cautioned him that the Board "encourages appellants to file a USERRA appeal as soon as possible after the date of [the] alleged violation[.]" App. 48.

Yet Mr. Sleevi waited nearly thirteen years after the DHS rescinded his job offer and nearly twelve years after he received the DOL notice. Not only did Mr. Sleevi provide no excuses for this lengthy delay to the Board, he failed to respond to the DHS's motion to dismiss.

Mr. Sleevi's contentions for the first time on appeal concerning DHS's alleged fraud similarly fall flat. Mr. Sleevi has waived these arguments as they were not presented to the Board. *See Sage Prods., Inc. v. Devon Indus.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("With a few notable exceptions, such as some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal."). But even if we were to consider the merits of these arguments, they do not excuse Mr. Sleevi's lengthy delay. Mr. Sleevi claims that the DHS fraudulently concealed evidence which prevented him from knowing in 2007 and 2008 that his military service obligation was a motivating factor in the rescission of his employment offer. He does not explain how the DHS allegedly concealed this information, how he came to discover it in 2020, or how his late discovery of this information excuses his lengthy delay in appealing to the Board. In fact, Mr. Sleevi's complaint to the DOL in 2008 that the DHS rescinded his job offer because of his military service—the very fact of which he now says he was unaware in 2008—refutes his newly launched assertion of fraud.

Substantial evidence also supports the Board's findings that Mr. Sleevi's lengthy delay would materially prejudice DHS's ability to respond to his allegations. Unrefuted evidence from DHS shows that its general policy was to destroy documents after two years and that the office which offered Mr. Sleevi a position in 2007 no longer existed as of 2020. Thus, evidence from 2007 likely did not still exist in 2020, when Mr. Sleevi belatedly brought his appeal. DHS's assertion that any witnesses from 2007 would be difficult or impossible to locate also went unrefuted. For the first time on appeal, Mr. Sleevi asserts that DHS created its

own prejudice through spoliation of evidence. This argument is waived as it was not presented to the Board. *See Sage Prods.*, 126 F.3d at 1426. It is worth noting moreover, DHS does not spoliate evidence by following its general record retention policies when no litigation was threatened or reasonably foreseeable. The Board thus did not clearly err in finding that Mr. Sleevi's delay in filing his appeal prejudiced DHS.

The pro-veteran canon does not help Mr. Sleevi. As with his other arguments, these arguments are waived as they were not raised before the Board. *See Sage Prods.*, 126 F.3d at 1426. But even on the merits, the pro-veteran canon of construction does not apply. The pro-veteran canon is a canon of statutory construction, *see Fishgold v. Sullivan Corp.*, 328 U.S. 275, 285 (1946), and Mr. Sleevi has not raised any disputes of statutory or regulatory construction. The canon does not require the Board to review the record and draft arguments on Mr. Sleevi's behalf. Nor does it prevent the Board from finding that a veteran's claim is barred by laches where, as here, the veteran delayed filing his appeal for over a decade with no excuse for that delay.

## CONCLUSION

We have considered Mr. Sleevi's remaining arguments and find them unpersuasive. For the foregoing reasons, the Board's factual findings are supported by substantial evidence and its dismissal of Mr. Sleevi's appeal under the doctrine of laches does not amount to an abuse of discretion. Accordingly, the decision of the Board is *affirmed*.

## **AFFIRMED**

## COSTS

No costs.