# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

RICHARD JAMES ABRESCH,
           Appellant,

v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
DC-1221-21-0639-W-1

DATE: April 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard James Abresch, FPO, APO/FPO Europe, pro se.

Michael Steven Causey, Washington, D.C., for the agency.

Tracy W. Lin, Arlington, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the IRA exhaustion requirement and to explicitly find that the appellant exhausted his claims with the Office of Special Counsel (OSC), we AFFIRM the initial decision.

## BACKGROUND

At all times relevant to this appeal, the appellant was an employee of the agency's Commander Navy Regional Maintenance Center in Norfolk, Virginia. Initial Appeal File (IAF), Tab 1 at 5, Tab 10 at 18-19. On September 14, 2021, he filed the instant IRA appeal alleging that he had been subjected to several personnel actions in retaliation for his protected whistleblowing disclosures and requesting a hearing on his appeal. IAF, Tab 1 at 1-5. With his initial appeal, the appellant provided a copy of a close-out letter from OSC dated July 21, 2021. *Id.* at 8. The administrative judge issued a jurisdictional order in which he apprised the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordered him to submit evidence and argument establishing Board jurisdiction. IAF, Tab 3 at 1-9. He also issued a supplemental order instructing the agency to file a response addressing its defense that the doctrine of laches bars the appellant's claims. IAF, Tab 15 at 1-3.

After the parties submitted their jurisdictional pleadings, IAF, Tabs 8-10, 18-19, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 20, Initial Decision (ID) at 1, 2. Specifically, the administrative judge acknowledged the appellant's allegations that he made disclosures between 2011-2012 and the agency subjected him to a reassignment in 2013 and nonselections between 2019-2021. ID at 5-8. However, he observed the appellant did not file his OSC complaint until 8 years after the alleged first personnel action. ID at 6. Noting the significant length of the delay and crediting the agency's argument that it was prejudiced by the appellant's delay in seeking corrective action, the administrative judge concluded that the appellant's purported retaliatory reassignment in 2013 was barred by the equitable doctrine of laches. ID at 7. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that his protected disclosures were a contributing factor in the agency's decision to take personnel actions against him. ID at 8-11.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5. The appellant has filed a reply. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant argues on review that the administrative judge erred in concluding that his 2013 reassignment was barred by the doctrine of laches. PFR File, Tab 1 at 5, 10-13; ID at 7. He also argues that he nonfrivolously alleged that his protected disclosures were a contributing factor in the personnel actions imposed by the agency in 2018, 2020, and 2021. PFR File, Tab 1 at 14-19. For the following reasons, we agree with the administrative judge.

<u>The administrative judge correctly determined that the appellant's 2013 reassignment is barred by the equitable doctrine of laches.</u>

The equitable defense of laches bars an action when an unreasonable delay in bringing the action has prejudiced the party against whom the action is taken. *Johnson v. U.S. Postal Service*, 121 M.S.P.R. 101, ¶ 6 (2014). The Board has acknowledged that laches may apply as a defense in an IRA appeal and may be applied before reaching the merits of the appeal. *Brown v. Department of the Air Force*, 88 M.S.P.R. 22, ¶¶ 3, 7-10 (2001). The party asserting laches must prove both unreasonable delay and prejudice. *Johnson*, 121 M.S.P.R. 101, ¶ 6. Under laches, the mere fact that time has elapsed from the date a cause of action first accrued is not sufficient to bar suit; rather, the delay must be unreasonable and unexcused. *Cornetta v. United States*, 851 F.2d 1372, 1377-78 (Fed. Cir. 1988). Two types of prejudice may stem from a delay in filing suit. *Id.* at 1378. The first type, defense prejudice, concerns the Government's ability to mount a defense due to the loss of records, destruction of evidence, fading memories, or unavailability of witnesses. *Id.* The second type, economic prejudice, centers on consequences, primarily monetary, to the Government should the appellant prevail. *Id.*

The appellant argues on review, amongst other things, that the administrative judge failed to consider the facts to determine the reasonableness of his delay because the agency caused the delay when it "denied [him] the knowledge of facts necessary to submit a nonfrivolous appeal in 2013." PFR File, Tab 1 at 11. In the initial decision, the administrative judge found the appellant's delay in challenging his 2013 reassignment unreasonable, reasoning that the appellant failed to "file a complaint with OSC until after [he] had informed [the appellant that] the Board likely lacked jurisdiction over his first Board appeal challenging the non-selections because, *inter alia*, he had not filed such a complaint." ID at 6 (emphasis in original). We agree.

Here, as set forth above, the appellant's reassignment occurred 8 years before the appellant filed his request for corrective action with OSC in July 2021. IAF, Tab 1 at 4, 8, Tab 10 at 18. The Board and the U.S. Court of Appeals for the Federal Circuit have regularly found shorter delays to be unreasonable and applied laches to bar such claims. *See Pepper v. United States*, 794 F.2d 1571, 1573-74 (1986) (stating that a 6-year delay was inexcusable in concluding that the claim was barred by laches); *Brown*, 88 M.S.P.R. 22, ¶¶ 3, 8-10 (2001) (finding a 6-year delay to be unreasonable and applying the doctrine of laches to bar an IRA appeal).

We find unavailing the appellant's claims that laches should not apply because the agency's failure to provide him with the necessary information reasonably delayed him in challenging his reassignment. PFR File, Tab 1 at 11. Specifically, the appellant claimed that the agency failed to inform him of any issues or its attempt to remove him until July 2021 and he learned of the reason for his reassignment in February 2022. *Id.* However, he averred below that he perceived whistleblower animus after his 2013 reassignment but failed to "submit a complaint on the initial incident, thinking the animus would pass." IAF, Tab 10 at 9. Thus, he could have raised the issue when he first suspected but failed to do so. Therefore, as the administrative judge correctly concluded, his 8-year delay is unreasonable because he "took no steps to pursue his rights in 2013 or anytime immediately thereafter." ID at 6; *see Johnson*, 121 M.S.P.R. 101, ¶ 7 (finding an appellant's delay unreasonable when he failed to diligently investigate and pursue his rights in a timely manner).

The appellant also challenges the administrative judge's conclusion that his unreasonable delay in seeking corrective action prejudiced the agency. PFR File, Tab 1 at 12-13; ID at 5-7. Specifically, he appears to argue that the administrative judge erred in finding prejudice based solely on the "[deciding official's] claim[] [that] he has limited memory of his decision to reassign the appellant and of allegations lodged against the appellant" and not considering that

the agency may have documents to supplement the deciding official's limited recollection. PFR File, Tab 1 at 12-13. We discern no basis to reverse this finding. The administrative judge credited the agency's argument that it was prejudiced by the appellant's unreasonable delay when the appellant's disclosure and reassignment occurred 8-10 years prior and the deciding official submitted a sworn declaration indicating that he is unable to recall many of the details and circumstances of the appellant's protected disclosures and his 2013 reassignment. ID at 5-7; IAF, Tab 18 at 7-10. The record is also devoid of evidence that the agency possesses documents to refresh the deciding official's memory.[2] Notwithstanding, we agree with the administrative judge that the appellant's delay in seeking corrective action would negatively impact the agency's ability to defend against his claim. As the administrative judge noted, the agency would have to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures and given the deciding official's limited recollection of the details surrounding the appellant's disclosures and reassignment, the agency would be disadvantaged to meet such a high standard. ID at 7.

The appellant also asserts on review that the agency's argument that it would be prejudiced due to the limited memory of the deciding official is insufficient because other witnesses are available. PFR File, Tab 1 at 12-13. To support his assertion, the appellant cites *Nuss v. Office of Personnel Management*, 974 F.2d 1316, 1318 (Fed. Cir. 1992), to seemingly argue that even if the agency established that the deciding official's lack of memory prejudiced its ability to defend against the appellant's claim, the agency is not actually prejudiced because "there would be a number of witnesses available to assist the [deciding official] to recall details" and he proved that other witnesses are available.

---

[2] The agency counsel asserted below that documents related to the appellant's claim created before 2019 were not retained. IAF, Tab 9 at 5 n.2. However, the statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

PFR File, Tab 1 at 12-13. The appellant's reliance on *Nuss* is misplaced. In *Nuss*, the court found that the unavailability of a personnel officer familiar with the appellant's position description did not prejudice the agency because other witnesses testified or submitted affidavits attesting to his actual duties when it was his actual duties, rather than his position description, that was relevant to his claim. 974 F.2d at 13, 18-19. In this case, the deciding official is a witness with knowledge of the facts relevant to the appellant's claim and the agency's defense. However, the appellant's proffered witnesses, like the personnel officer in *Nuss*, both lack the knowledge relevant to the appellant's claim that the deciding official considered his protected disclosures in his 2013 reassignment. IAF, Tab 10 at 15-17.

Therefore, we agree with the administrative judge that the agency has produced sufficient evidence to demonstrate that it would be unreasonably prejudiced by the appellant's significant unexplained delay in seeking corrective action related to his 2013 reassignment. Accordingly, we find the appellant's 2013 reassignment barred by the doctrine of laches.

## The administrative judge correctly concluded that the Board lacks jurisdiction over his nonselection and return rights claims.

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020). The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a

nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).

*The appellant exhausted his administrative remedies before OSC.*

The Board may only consider those disclosures and personnel actions that an appellant raised before OSC. 5 U.S.C. § 1214(a)(3); *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). The administrative judge appears to have found implicitly that the appellant exhausted his administrative remedies before OSC. ID at 2. Because the administrative judge did not make specific findings as to which disclosures and personnel actions the appellant exhausted, we do so here.

The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers*, 2022 MSPB 8, ¶ 10. Generally, exhaustion can be demonstrated through the appellant's initial OSC complaint, evidence the original complaint was amended (including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations), and the appellant's written responses to OSC referencing the amended allegations. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). Alternatively, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in his appeal. *Chambers*, 2022 MSPB 8, ¶ 11.

Here, the appellant submitted a closure letter from OSC dated July 21, 2021, which provided that "[he] disclosed financial fraud by the Comptroller and mismanagement of the manpower and staffing of [his]

organization." IAF, Tab 1 at 8. The letter also refers to the appellant's allegations that the agency took multiple actions against him, including reassigning him, impeding his return rights, and not selecting him for multiple positions, in retaliation for his disclosures. *Id.* at 8. In addition, the appellant submitted a letter dated July 19, 2021, which he purports to be a response to OSC. IAF, Tab 10 at 12. Therefore, we explicitly find that the appellant's response to OSC and OSC's closure letter are sufficient to establish exhaustion.

> *The administrative judge correctly concluded that the appellant failed to nonfrivolously allege that his protected disclosures were a contributing factor in the agency's decision to take personnel actions against him in 2018, 2019, and 2021.*

On review, the appellant seemingly argues that his protected disclosures were a contributing factor in the agency's decisions to take personnel actions against him because the agency officials involved in the personnel actions were influenced to retaliate against him. PFR File, Tab 1 at 13-20. We are not persuaded.

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15; *see* 5 U.S.C. § 1221(e)(1). If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the

proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant.

The appellant's alleged disclosures occurred in 2011-2012, which is at least 6 years before the agency allegedly impeded his return rights in 2018 and 7 years before it failed to select him for positions in 2019 and 2021, respectively. IAF, Tab 8 at 4-6. Therefore, we agree with the administrative judge that such a gap in time is too remote to satisfy the knowledge/timing test. ID at 9-10; *see Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding that a disclosure made 2 1/2 to 3 years before the relevant personnel actions was too remote for a reasonable person to conclude the disclosure was a contributing factor to the actions).

Regarding the denial of his return rights, the record reflects that the appellant's disclosures were not personally directed at the agency officials that he indicated were responsible for denying his rights. IAF, Tab 8 at 4, 9. The record is also devoid of evidence tending to show that the agency officials involved in effecting his return rights had a strong motivate to retaliate against him. Thus, we agree with the administrative judge that the appellant failed to nonfrivolously allege that his disclosures in 2011-2012 contributed to the agency's decisions concerning his return rights in 2018.

The appellant's disclosures also were not personally directed at the agency officials that he indicated were involved in the agency's nonselection decisions. *Id.* at 5-6, 9-10. However, he indicated, below and on review, that two of the agency officials involved in his nonselections had direct knowledge of his alleged whistleblowing activity. PFR File, Tab 1 at 7; IAF, Tab 8 at 4-5. Nonetheless, other than his own conclusory assertions, the appellant identifies no specific evidence or argument that, if true, could show that the agency officials that were aware of his disclosures had any motive to retaliate against him. *Id.* Therefore, we find that the appellant failed to raise nonfrivolous allegations that he made

protected disclosures that were contributing factors in the denial of his return rights or the agency's nonselection decisions.

Accordingly, we dismiss the appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.