NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH C. PAYNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2204

---

Petition for review of the Merit Systems Protection Board in No. PH-3443-21-0363-I-1.

---

Decided:  July 16, 2024

---

JOSEPH C. PAYNE, Millsboro, DE, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Joseph Payne appeals a final decision of the Merit Systems Protection Board that dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim as barred by the doctrine of laches. *See Payne v. U.S. Postal Serv.*, No. PH-3443-21-0363-I-1, 2023 WL 4359452 (M.S.P.B. July 5, 2023) (*Board Decision*). For the following reasons, we affirm.

## BACKGROUND

Before and after Mr. Payne served in the U.S. Army—most recently from January 2003 to June 2004—he worked for the United States Postal Service (USPS). After Mr. Payne's honorable discharge from the U.S. Army in June 2004, he returned to his position at the Fredericksburg, Virginia Post Office. In April 2008, he applied for a position as a Vehicle Operations & Maintenance Assistant (VOMA) with the USPS, but another individual was selected.

On May 24, 2008, Mr. Payne filed a formal Equal Employment Opportunity (EEO) complaint with the USPS EEO office. Although Mr. Payne asserted four claims in his complaint, only one relates to this appeal: his non-selection for the VOMA position with the USPS. S. Appx.[1] 9–10, 57–64; Appellant's Informal Br. at 3. Mr. Payne's USPS EEO complaint contended that his non-selection for the VOMA position was discrimination based on religion, age, and disability as well as retaliation for his prior EEO activity. Mr. Payne argued that he was more senior and experienced than the individual hired and, therefore, he should have been selected for the VOMA position.

The USPS EEO office issued a Final Agency Decision dismissing Mr. Payne's complaint after finding that

---

[1]    S. Appx. refers to the Supplemental Appendix attached to Appellee's Informal Response Brief, ECF No. 28.

Mr. Payne was not discriminated against when he was not selected for the VOMA position.

Mr. Payne appealed the Final Agency Decision to the EEO Commission's Office of Federal Operations (OFO). S. Appx. 9. The OFO affirmed the dismissal in 2009. *Id.*

On January 31, 2015, Mr. Payne retired from the USPS. *Id.*

In 2021, Mr. Payne filed another EEO complaint with the USPS related to his 2008 non-selection for the VOMA position. *Id.* at 8. The USPS EEO office dismissed the complaint based on the previous action. *Id.* None of the EEO pleadings involved a USERRA or VEOA claim, and the EEO office does not have jurisdiction over such claims. *See* 67 Fed. Reg. 31,827 (May 10, 2002) (delegating USERRA and VEOA responsibilities from the Secretary of Labor to the Assistant Secretary for Veterans' Employment and Training Services (DOL-VETS), and not the EEO offices). Rather, such complaints must be filed in the first instance with the Department of Labor. *See* 38 U.S.C. §§ 4322, 4324; 20 C.F.R. § 1002.288.

On September 21, 2021, Mr. Payne filed an appeal to the Board challenging his non-selection for the VOMA position. The basis for this filing was unclear. After filing his appeal, Mr. Payne continued to submit other pleadings and papers purporting to address the substance of his appeal. His hand-written filings were generally unresponsive and illegible. The administrative judge (AJ) held a conference to allow Mr. Payne to "better express his claims verbally." *Id.* at 9. Mr. Payne indicated he intended to raise claims under the Veterans Employment Opportunities Act of 1998 (VEOA) and USERRA, and suggested that he had filed complaints with the Department of Labor in November 2021, after he had filed his Board appeal.

A complaint under VEOA must be filed with the Secretary of Labor within 60 days of the alleged violation by the agency, unless equitable tolling applies.    5 U.S.C. §§ 3330(a)(1)(A), (a)(2)(A).  Mr. Payne filed his complaint with the Department of Labor in 2021.  S. Appx. 9–10, 84. The AJ issued an order to show cause regarding the VEOA claim, giving Mr. Payne an opportunity to establish equitable tolling.  The AJ subsequently dismissed the VEOA claim as untimely because he determined that Mr. Payne failed to establish a basis for equitable tolling.  S. Appx. 10. Mr. Payne's case proceeded on the USERRA claim.

The USPS filed a motion to dismiss on the basis of laches.  *Id.*  Mr. Payne's nine submissions in response to the Government's motion failed to address the laches issue. S. Appx. 10–11.

The USPS argued that:  (1) of the individuals who provided affidavits in the 2008 EEO matter, all but one were retired, terminated, or deceased; (2) diligence searches by multiple individuals failed to turn up the hiring file for the 2008 non-selection; and (3) USPS was economically prejudiced with a potential thirteen-year back pay liability. S. Appx. 12.

The AJ concluded that Mr. Payne unreasonably delayed in raising his USERRA claim by waiting over thirteen years to litigate the issue.  He also found prejudice to the agency because of the potential unavailability of witnesses and loss of documents.  Based on this evidence, the AJ granted the USPS's motion and dismissed on the basis of laches.

Mr. Payne petitioned for review of the AJ's initial decision.  The Board noted that, although Mr. Payne submitted evidence with his petition, the documents did not provide a basis to disturb the initial decision.  *Board Decision*, 2023 WL 4359452, at *1 n.2.  The Board denied the petition for review and affirmed the initial decision.  *Id.* at *1.

Mr. Payne timely appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The only issue on appeal is whether the Board erred in dismissing Mr. Payne's USERRA appeal for laches.[2] Our review of Board decisions "is limited under 5 U.S.C. § 7703(c)." *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). This court sets aside final Board decisions that it finds to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373 (Fed. Cir. 2019).

We review the Board's rulings on the issue of laches for abuse of discretion and underlying factual findings for substantial evidence. *Gray v. Merit Sys. Prot. Bd.*, 667 F. App'x 769, 770 (Fed. Cir. 2016) (citing *Nuss v. Off. of Pers. Mgmt.*, 974 F.2d 1316, 1318 (Fed. Cir. 1992)); *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jones*, 98 F.4th at 1380 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

To establish the affirmative defense of laches, the party raising laches has the burden to show "two facts: 1) [the claimant] delayed filing suit for an unreasonable and inexcusable length of time from the time he knew or reasonably should have known of his claim against the [agency]; and 2) the delay operated to the prejudice or

---

[2]  In his brief, Mr. Payne references only his USERRA claim. We thus construe his appeal before us to involve only that claim.

injury of the [agency]." *Poett v. Merit Sys. Prot. Bd.*, 360 F.3d 1377, 1384 (Fed. Cir. 2004) (citation omitted).

There are two types of prejudice: (1) defense prejudice—the inability to mount a defense—which may include loss of records, destruction of evidence, fading memories, or unavailability of witnesses; and (2) economic prejudice—the consequences, primarily monetary, to the agency should the claimant prevail. *Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed. Cir. 1998). A party raising the affirmative defense of laches "has the burden to show that it was prejudiced by a claimant's tardiness in filing suit." *Id.* at 1380.

We conclude that the Board did not abuse its discretion in determining that laches barred Mr. Payne's USERRA claim. Substantial evidence supports the Board's finding that Mr. Payne's delay in bringing his USERRA claim was both (1) unreasonable and inexcusable, and (2) prejudicial. Although Mr. Payne presented arguments and evidence below and on appeal, those arguments and evidence are limited to the merits of his claims.

Mr. Payne was not selected for the VOMA position in 2008, yet he waited over thirteen years after to bring his USERRA claim to the Board. Mr. Payne's period of delay is equivalent to the delay in *Sleevi v. Merit Systems Protection Board,* where we affirmed the Board's dismissal of a USERRA appeal based on laches because petitioner delayed thirteen years in bringing his claim. No. 2021-1447, 2021 WL 2879045, at *1 (Fed. Cir. July 9, 2021). Moreover, Mr. Payne does not argue that the Board incorrectly decided or failed to account for any facts or failed to consider important grounds. We conclude substantial evidence supports the Board's finding that Mr. Payne's delay was unreasonable and inexcusable.

We also find that substantial evidence supports the Board's    determination    that    Mr. Payne's    delay

unreasonably prejudiced the USPS. The USPS presented evidence that relevant witnesses were potentially unavailable and other relevant documents would have been destroyed under its document retention policy. USPS was also unable to find relevant documents despite multiple individuals performing searches for the 2008 hiring file related to Mr. Payne's USPS EEO complaint. The Board's finding that USPS's ability to mount a defense would be prejudiced by Mr. Payne's delay is thus supported by substantial evidence. *See* S. Appx. 12.

For the reasons above, we conclude the Board did not abuse its discretion in ruling that Mr. Payne's appeal should be dismissed on the basis of laches.

## CONCLUSION

We have considered Mr. Payne's remaining arguments and have found them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal of Mr. Payne's appeal as barred by laches.

## **AFFIRMED**

## COSTS

No costs.