NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RICHARD JAMES ABRESCH,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2024-1940

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-21-0639-W-1.

_____

Decided:  February 5, 2025

_____

RICHARD ABRESCH, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON J. BOYLE, KATHERINE M. SMITH.

_____

Before STOLL, CLEVENGER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Richard J. Abresch seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his whistleblower individual right of action ("IRA") appeal (1) as barred by laches to the extent he sought to challenge a 2013 reassignment and (2) for lack of jurisdiction over his challenges to personnel decisions taken in 2018–2021, on the ground that he failed to make a nonfrivolous allegation that his whistleblowing disclosures were a contributing factor to the personnel decisions. *Abresch v. Dep't of the Navy*, No. DC-1221-21-0639-W-1 (M.S.P.B. Apr. 15, 2024) We have jurisdiction over his timely appeal to this court under 28 U.S.C. § 1295(a)(9), and, for the reasons stated below, we affirm the Board's final decision.

I.

Mr. Abresch served as the Administrative Director and Chief of Staff with the United States Navy's Regional Maintenance Center in Norfolk, Virginia prior to October 2013. He alleged that he disclosed wrongdoing to the Executive Director of the Mid-Atlantic Regional Maintenance Center ("MARMC"), Dennis Bevington, on a number of occasions between 2011 and 2013 about questionable financial dealings of MARMC's then–Comptroller. In addition, Mr. Abresch alleged that he disclosed in September of 2012 various MARMC Corporate Operation staffing irregularities dealing with position classification and hiring.

Mr. Abresch alleged that, as a result of these two categories of whistleblower disclosures, he was subjected to a series of retaliatory personnel actions beginning in 2013. First, he stated that the newly installed Commander of the Regional Maintenance Center, then–Rear Admiral Richard Galinis, reassigned him on September 20, 2013, from his Administrative Director and Chief of Staff positions to a position of less responsibility and authority. Next, Mr. Abresch stated that two other agency officials, Rear Admiral Downey and Stephanie Douglas, were involved in the agency's denial of his guaranteed return rights from an overseas tour in October of 2018. Mr. Abresch also alleged

that he was denied promotions three times because he had blown the whistle on the agency back in 2011, 2012, and 2013. First, Mr. Bevington did not select him for the MARMC Corporate Operations Director position in February 2019; second, he was not selected for the Forward Deployed Regional Maintenance Center ("FDRMC") Executive Director position in January of 2021; and third, he was again denied selection for the reposted FDRMC Executive Director position in June of 2021.

The Administrative Judge ("AJ") assigned to Mr. Abresch's case dismissed his IRA appeal to the Board filed on June 4, 2021, for lack of jurisdiction because he had not exhausted his administrative remedies by first filing a required complaint of reprisal with the Office of Special Counsel ("OSC"). On July 6, 2021, Mr. Abresch filed a complaint of reprisal with OSC challenging his 2013 reassignment, his alleged denial of return rights, and the non-selection actions. On July 21, 2021, OSC issued Mr. Abresch a close-out notice, and thereafter Mr. Abresch timely appealed his IRA claim to the Board, and his case was again before the same AJ.

The AJ issued two show cause orders directed to the IRA jurisdictional standards and the doctrine of laches, the latter because of the length of time between the 2011–2013 disclosures, the alleged 2013 retaliatory action, and the IRA complaint to OSC in 2021. Following responses from the parties, the AJ issued his decision.

The Board has acknowledged that the defense of laches applies in IRA appeals and may be applied before reaching the merits of an appeal. *Brown v. Dep't of the Air Force*, 88 M.S.P.R. 22, ¶¶ 3, 7–10 (2001). The party asserting laches must prove both unreasonable delay and prejudice. Two varieties of prejudice suffice: (1) defense prejudice, which is shown by a party's impaired ability to mount a defense due to the loss of records, destruction of evidence, fading memories, or unavailability of witnesses; and (2) economic prejudice. *See Cornetta v. United States*, 851

F.2d 1372, 1377–78 (Fed. Cir. 1988). Only defense prejudice is at issue in this case.

The AJ noted that an IRA appellant, here Mr. Abresch, bears the burden of establishing the Board's jurisdiction by making nonfrivolous allegations of fact, i.e., a claim of facts which, if proven, could establish a prima facie case within the Board's jurisdiction. An allegation generally is considered nonfrivolous when the allegation is (1) more than conclusory, (2) plausible on its face, and (3) material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). To succeed jurisdictionally, an IRA appellant must allege nonfrivolously that he engaged in protected activity as statutorily defined, and that his protected activity was a contributing factor to the personnel actions he cites as retaliatory. *See* 5 U.S.C. § 1221(e)(1). Only the question of whether Mr. Abresch's disclosures contributed to retaliatory action is involved in this appeal.

Concerning the issue of laches, the AJ determined that the agency had proved that Mr. Abresch's delay of almost 8 years in bringing his OSC complaint about agency retaliation in 2013 was unreasonable. With regard to prejudice, the AJ found that the diminished memory of Admiral Galinis, the deciding official on the 2013 personnel action, compromised the ability of the agency to defend itself against Mr. Abresch's claim. The AJ noted in particular that if an IRA claimant makes out a prima facie case of reprisal, the agency bears the heavy burden to demonstrate by clear and convincing evidence standard that the agency would have taken the same personnel action against the claimant in the absence of the protected activity. In the light of Admiral Galinis's diminished memory, the AJ held that the significant disadvantage the agency would face sufficed to establish the element of defense prejudice for the agency.

On the question whether the whistleblower disclosures from 2011–2013 contributed to retaliatory personnel actions in 2018, 2019, and 2021, the agency raised no issue of

laches, arguing only that Mr. Abresch failed to meet the nonfrivolous allegation jurisdictional test regarding whether his 2011–2013 disclosures were a contributing factor to the challenged agency personnel actions. The AJ agreed with the agency, and therefore dismissed Mr. Abresch's IRA appeal regarding the three identified personnel actions for want of jurisdiction.

## II.

Mr. Abresch appealed the adverse AJ decision to the Board. Because the AJ's decision had not expressly stated that Mr. Abresch had successfully exhausted his administrative remedies by first going to OSC, the Board granted Mr. Abresch's petition for review, solely to clarify that jurisdiction vested with the Board as Mr. Abresch indeed had exhausted his claims with OSC. Otherwise, the Board affirmed all points of the AJ's decision, and, in doing so, it elaborated on the record in the case and the AJ's written decision.

With regard to the issue of laches, the Board responded to Mr. Abresch's argument that his delay in bringing a claim for his 2013 reassignment should be excused because the agency had failed to provide him with enough information to let him be aware of a basis for an IRA appeal. But because Mr. Abresch himself averred before the AJ that he perceived whistleblower animus after his 2013 reassignment but failed to "submit a complaint on the initial incident, thinking the animus would pass," the Board rejected Mr. Abresch's argument that he had an excuse for the almost 8-year delay in bringing his IRA appeal. The Board agreed with the AJ that Mr. Abresch's 2021 IRA appeal was unreasonably delayed.

As for defense prejudice to the agency, the Board held that the memory impairment of the agency's key witness supported the agency's claim of defense prejudice, especially in the light of the heavy burden of proof facing the agency in trying to prove its defense to a prima facie case of whistleblower reprisal. The Board rejected as

insufficient Mr. Abresch's arguments that the agency was not sufficiently defense prejudiced because of allegedly available agency-possessed documentary evidence. It was unclear to the Board whether such documentary evidence existed, and the Board held that notwithstanding such evidence, the memory impairment of the agency's key witness sufficed to support defense prejudice. On Mr. Abresch's argument that defense prejudice is overcome in this case due to the possibility of testimony from Mr. Bevington and others, the Board noted the importance of a deciding official as a witness to rebut an IRA appellant's case, and, if necessary, to establish the agency's defense. The Board further found that the potential witnesses named by Mr. Abresch lack the knowledge relevant to Mr. Abresch's claim that Admiral Galinis considered Mr. Abresch's protected disclosures when he effected Mr. Abresch's reassignment in 2013. The Board thus agreed with the AJ that laches barred Mr. Abresch's IRA case insofar as it related to his reassignment in 2013.

Considering the remainder of Mr. Abresch's IRA case, the Board noted that an IRA claimant can raise a nonfrivolous allegation that a protected disclosure was a contributing factor to a personnel action in two ways. First, under the knowledge/timing test, an IRA claimant can show that a deciding official knew of the protected disclosure and took the personnel action within a period of time that a reasonable person would conclude that the disclosure was a contributing factor to the personnel action. If the knowledge/timing test is not met, the Board considers other evidence, including the strength or weakness of the agency's reason for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *See Rumsey v. DOJ*, 120 M.S.P.R. 259, 273 ¶ 26 (2013).

Given the nearly 6 years between the protected disclosures and the alleged impediment of Mr. Abresch's return rights in 2018, and the 7 years before the agency first failed

to select Mr. Abresch for promotion positions, the Board agreed with the AJ that such a gap in time is too remote to satisfy the knowledge/time test.  As for the denial of return rights, the Board noted that "the record reflects that the appellant's disclosures were not personally directed at the agency officials that [Mr. Abresch] indicated were responsible for denying those rights." J.A. 10.  Further, the record did not reflect that the officials involved in effecting Mr. Abresch's return rights had a strong motive to retaliate against him.  Thus, the Board agreed with the AJ that Mr. Abresch failed to prove the jurisdictional requirement of a nonfrivolous allegation that his disclosures contributed to the challenged personnel actions.

The Board reached the same conclusion regarding the agency's challenged nonselection decisions.  Mr. Abresh's disclosures were not personally directed at the agency officials involved in the nonselections.  Two agency officials involved in his nonselection had direct knowledge of Mr. Abresch's disclosures, but Mr. Abresch offered no specific evidence or argument that those officials had any motive to retaliate against him.  Consequently, the Board found that with regard to the nonselection claims, Mr. Abresch failed to satisfy the nonfrivolous allegation jurisdictional requirement.  As a result, the remaining portion of the overall IRA case was dismissed by the Board for want of jurisdiction.

## III.

Mr. Abresch timely petitioned this court for review of the Board's final decision.  Under the applicable standard of review, we must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).  We review a jurisdictional decision of the Board de novo as a legal issue. *Id.*  Under *Nuss v. Office of Personnel Management*, 974 F.2d 1316, 1317–18 (Fed. Cir.

1992), we review the Board's application of the laches defense for an abuse of discretion, which occurs when the Board's decision is based on an erroneous interpretation of law, factual findings unsupported by substantial evidence, or an unreasonable judgment in weighing relevant factors. *See also Kluge v. Dep't of Homeland Sec.*, 60 F.4th 1361, 1365 (Fed. Cir. 2023). Factual findings underlying the Board's determinations regarding jurisdiction are reviewed for substantial evidence, which requires such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Lentz v. Merit Sys. Prot. Bd.*, 876 F.3d 1380, 1384 (Fed. Cir. 2017).

Mr. Abresch raises two basic questions on appeal. First, whether the Board correctly applied laches to bar the part of his IRA case that rests on his reassignment in 2013. Second, whether the Board correctly determined that he failed to show that his protected disclosures made in 2011–2013 were contributing factors to the personnel actions taken against him in 2018 and 2020–2021.

We have reviewed the record of this case made in proceedings before the Board and the briefs filed by the parties in this court. We find no reversible error in the Board's assessment and application of the laches defense, and likewise find no reversible error in the Board's decision that the remaining portion of Mr. Abresch's IRA case is properly dismissed for want of jurisdiction. We therefore affirm the Board's final decision.

## AFFIRMED

### COSTS

No costs.